JOHN D. NIBBELIN, COUNTY COUNSEL (SBN 184603)
By: Paul S. Sheng, Deputy (SBN 199785)
500 County Center, 4th Floor
Redwood City, CA  94063-1664
Telephone:  (650) 363-4792
Facsimile:  (650) 363-4034
E-mail:  psheng@smcgov.org

Attorney for Defendant
COUNTY OF SAN MATEO also erroneously
Sued as SAN MATEO COUNTY
DISTRICT ATTORNEY'S OFFICE,
SAN MATEO COUNTY
CORONER/MEDICAL EXAMINER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR MAXIMILIANO MORALES; ARNOLD ANTONIO MORALES; and SUSANA ALVAREZ SALTO,<br><br>               Plaintiffs,<br><br>     vs.<br><br>CITY OF REDWOOD CITY; REDWOOD CITY POLICE DEPARTMENT; COUNTY OF SAN MATEO; SAN MATEO COUNTY DISTRICT ATTORNEY'S OFFICE; SAN MATEO COUNTY CORONER/MEDICAL EXAMINER; SAN MATEO COUNTY PRIVATE DEFENDER PROGRAM. STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; and DOES 1-100, inclusive,<br><br>         Defendants | USDC Case No. 26-cv-3377<br><br>San Mateo County Superior Court Case No. 26-CIV-00471<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C § 1441(A) WITH EXHIBITS 1-2** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that, pursuant to 28 U.S.C. § 1441(a), Defendant COUNTY OF SAN MATEO, also erroneously sued as SAN MATEO COUNTY DISTRICT ATTORNEY'S OFFICE and SAN MATEO COUNTY CORONER/MEDICAL EXAMINER[1] hereby removes to the United States District Court for the Northern District of California the above-captioned action, which was originally filed in the Superior Court of California, County of San Mateo. Pursuant to 28 U.S.C. § 1446(a) and Federal Rule of Civil Procedure 11, undersigned counsel for the County hereby certifies as follows:

**Procedural History and Plaintiffs' Allegations**

On January 22, 2026, an action captioned *Cesar Maximiliano Morales; Arnold Antonio Morales; and Susana Alvarez Salto, Plaintiffs, vs. City of Redwood City; Redwood City Police Department; County of San Mateo; San Mateo County District Attorney's Office; San Mateo County Coroner/Medical Examiner; San Mateo County Private Defender Program; State Of California; California Highway Patrol; and Does 1-100, inclusive* was filed in the Superior Court of California, County of San Mateo, which the Superior Court designated as Case No 26-CIV-00471.  The named plaintiffs in the action are Cesar Maximiliano Morales, Arnold Antonio Morales, and Susana Alvarez Salto ("Plaintiffs").   *See* **Exhibit 1** hereto. True and correct copies of all other documents in the state court file as of the date of the filing of this Notice of Removal are attached hereto as **Exhibit 2**.

Plaintiffs' Complaint contains eleven causes of action: (1) 42 U.S.C. § 1983-Deprivation of Procedural Due Process; (2) 42 U.S.C. § 1983-Fabrication of Evidence; (3) 42 U.S.C. § 1983-Suppression of Exculpatory Evidence / Brady-Type Violations; (4) 42 U.S.C. § 1983 Unreasonable Search and Seizure (Against Redwood City Police Department and City of Redwood City); (5) *Monell*

---

[1] Plaintiffs have named the County of San Mateo, the San Mateo County District Attorney's Office, and the San Mateo County Coroner / Medical Examiner as defendants to the present action.  The body of the Complaint also makes allegations the San Mateo County Probation Department at pp. 28-29, but the Probation Department is not identified as a defendant in the caption of the Complaint. The District Attorney's Office, Coroner/Medical Examiner, and Probation Department are departments of the County and are not established as separate legal entities. *See* San Mateo County, Cal., Ordinance Code §§ 200.010, 2.00.020, and 2.20.050. The only potentially viable County defendant in this case is the County itself. The County of San Mateo and the improperly-named county departments are hereafter collectively referred to as "the County of San Mateo"

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C § 1441(A) WITH EXHIBITS 1-2

Liability- Policy, Practice, or Custom; (6)  Violation of Juvenile Due Process Rights; (7) Bane Act – Cal. Civil Code §52.1; (8) Negligence/ Negligent Investigation; (9) Violation of California Constitution, Art. I, §§ 7 & 13; (10) Declaratory and Injunctive Relief; (11) Defamation.  The first five causes of action (and possibly the sixth, which is unclear) assert federal question claims alleging violations of Plaintiffs' rights under federal law.  The remaining causes of action assert claims under California state law.

## Jurisdiction

Removal of this action to the United States District Court for the Northern District of California is proper because the complaint asserts at least one federal question cause of action arising under federal law for which this Court has original jurisdiction: Plaintiff's first through fourth causes of action allege violations of  42 U.S.C. § 1983, and the fifth cause of action alleges liability under the federal *Monell* theory.

This Court may assert supplemental jurisdiction over Plaintiff's remaining state law causes of action because they arise from the same operative facts, and form part of the same case or controversy, as the federal question claim(s). 28 U.S.C. § 1367(a).  Removal of this action to the United States District Court for the Northern District of California is timely because this notice is filed within thirty (30) days from March 23, 2026, which is the date on which Defendant San Mateo County Coroner/Medical Examiner was purportedly served with the summons and complaint in the state court action. 28 U.S.C. § 1446(b)(1).

Pursuant to 28 U.S.C § 1446(d), the County will promptly (1) provide notice to Plaintiffs of the filing of this Notice of Removal, and (2) file a copy of the notice with the clerk of the Superior Court of California, County of San Mateo.

Dated: April 21, 2026

Respectfully submitted,

JOHN D. NIBBELIN, COUNTY COUNSEL

By: ____/s/ Paul S. Sheng_____
         Paul S. Sheng, Deputy

Attorney for Defendant
COUNTY OF SAN MATEO also erroneously
Sued as SAN MATEO COUNTY DISTRICT
ATTORNEY'S OFFICE and SAN MATEO
COUNTY CORONER/MEDICAL EXAMINER

# EXHIBIT 1

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C § 1441(A) WITH EXHIBITS 1-2

CESAR MAXIMILIANO MORALES
SUSANA ALVAREZ SALTO
ARNOLD ANTONIO MORALES

Plaintiffs, In Pro Per

1149 Adams Street
Redwood City, CA 94061
(650) 6503631050
arnold@ampartyrentals.com

**FILED**
SAN MATEO COUNTY

JAN 2 2 2026

Clerk of the Superior Court,
By_____
DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN MATEO

CESAR MAXIMILIANO MORALES;
ARNOLD ANTONIO MORALES; and
SUSANA ALVAREZ SALTO;

Plaintiffs,

v.

CITY OF REDWOOD CITY; REDWOOD CITY
POLICE DEPARTMENT;
COUNTY OF SAN MATEO; SAN MATEO
COUNTY DISTRICT ATTORNEY'S OFFICE;
SAN MATEO COUNTY CORONER / MEDICAL
EXAMINER; SAN MATEO COUNTY PRIVATE
DEFENDER PROGRAM.
STATE OF CALIFORNIA; CALIFORNIA
HIGHWAY PATROL; and
DOES 1–100, inclusive,

Defendants,

CASE NO. 26CIV00471

**COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF**

**UNLIMITED CIVIL CASE**

**DEMAND FOR JURY TRIAL**

**RECEIVED**

JAN 2 2 2026

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

## I. INTRODUCTION

1.    This civil action arises from a tragic traffic collision in San Mateo County, California, and from the actions taken by government actors in the aftermath of that incident. Plaintiffs do not bring this action to deny the seriousness of the collision or the profound harm that resulted. Rather, this lawsuit concerns what occurred after the incident, specifically, the manner in which it was investigated, characterized, and prosecuted by government actors, and the constitutional and statutory violations that followed.

2.    From the earliest stages of the investigation, Defendants adopted and pursued a predetermined street-racing narrative that shaped the collection, interpretation, and presentation of evidence. Investigative efforts emphasized information perceived as consistent with that narrative while discounting, minimizing, or disregarding contradictory facts, methodological limitations, credibility concerns, and alternative explanations relevant to causation.

3.    Defendants' investigation relied heavily on impression-based and inconsistent witness statements, speculative assumptions regarding vehicle speed, and conclusions asserted before a comprehensive and reliable accident reconstruction was completed. Statements aligned with the adopted narrative were treated as factual, while qualifying statements, internal inconsistencies, and evidentiary limitations were not meaningfully reconciled, resulting in conclusions that exceeded the reliable evidentiary foundation available at the time.

4.    Acting individually and through inter-agency coordination, Defendants generated, adopted, relied upon, and ratified reports and expert opinions that contained material errors, unresolved methodological limitations, and acknowledged uncertainties, yet were presented as definitive. In doing so, Defendants advanced unsupported assertions, mischaracterized traffic

2

and roadway conditions, relied on unsubstantiated vehicle-related factors, and missed, excluded or discounted material evidence bearing on perception, judgment, reaction time, vehicle positioning, and the conduct of other involved drivers, thereby undermining the scientific reliability and neutrality of the investigative record.

5.     Plaintiffs bring this action to preserve all available claims and to obtain redress, accountability, and prospective relief for constitutional and statutory violations arising from Defendants' conduct. While the Plaintiff, who was a juvenile, acknowledges his contribution to the events at issue and accepts personal responsibility for his own actions, he remains acutely aware of the profound harm suffered by others. This action is brought not to deny that responsibility, but to address a distorted investigative and prosecutorial process that deprived Plaintiffs of due process, equal protection, and a fair and unbiased evaluation of the facts, resulting in substantial legal, physical, emotional, and familial harm. Judicial intervention is necessary to ensure accountability and provide appropriate relief as the Court deems just and proper.

## II.    JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action pursuant to Article VI, Section 10 of the California Constitution. This Court also has concurrent jurisdiction over Plaintiffs' federal civil rights claims brought under 42 U.S.C. § 1983.

7.     Venue is proper in San Mateo County because the acts and omissions giving rise to this action occurred in this County, Defendants reside or conduct business here, and the injuries giving rise to this action were suffered here.

3

## III. PARTIES

8. **Plaintiff-1 Cesar Maximiliano Morales** is an individual who was a minor at the time of the incident and who suffered loss of liberty, reputational harm, emotional distress, and continuing consequences.

9. **Plaintiffs-2 Arnold Antonio Morales and Plaintiffs-2 Susana Alvarez Salto** are **Cesar Maximiliano Morales's** parents and suffered derivative and direct harms.

10. **Defendants-** include the City of Redwood City; Redwood City Police Department ("RCPD"); County of San Mateo; San Mateo County District Attorney's Office ("DA"); San Mateo County Coroner / Medical Examiner ("Coroner"); San Mateo County Private Defender Program ("PDP"); State of California; California Highway Patrol ("CHP"); and DOES 1–100, inclusive.

11. Plaintiffs are informed and believe that DOES 1–100 include officers, supervisors, analysts, policymakers, contractors, and other agents whose identities and roles are not fully known at this time. Plaintiffs are aware of the names of certain individuals involved but do not yet know the full extent of each individual's conduct, authority, or participation in the acts and omissions alleged herein. Plaintiffs will amend this Complaint to substitute the true names and capacities of DOE Defendants when such information is ascertained through discovery.

12. Plaintiff -1 brings claims for deprivation of liberty, denial of due process, and violations of rights and protections afforded to juveniles under the United States Constitution and California law, including claims arising from unlawful investigation, fabrication or distortion of evidence, unfair judicial proceedings, unlawful search and seizure, and restitution imposed through constitutionally deficient procedures.

4

13.    Plaintiffs 1 and 2, **Arnold Antonio Morales and Susana Alvarez Salto** bring independent claims for interference with familial association, reputational harm, emotional distress, financial injury, and violations of their Fourth Amendment rights arising from the search of their residence and Defendants' conduct directed toward their family.

14.    Arnold Antonio Morales and Susana Alvarez Salto also bring derivative claims to the extent permitted by law for harms arising from the unconstitutional treatment of their minor child, including emotional distress and economic injury proximately caused by Defendants' conduct. These derivative claims are pleaded separately from their independent claims and are not duplicative of **Cesar Maximiliano Morales'** individual causes of action.

## IV. COMPLIANCE WITH GOVERNMENT CLAIMS ACT; TOLLING

15.    **Compliance with Government Claims Act.** Plaintiffs timely presented written government tort claims and amended claims in compliance with the California Government Claims Act, Government Code section 900 et seq., to each public entity Defendant with authority over the conduct alleged herein. Plaintiffs presented a written claim on July 15, 2025. The City of Redwood City, through the Redwood City Police Department, issued a written notice of rejection that was deposited in the mail on July 23, 2025. With respect to the remaining public entity Defendants, no written response was issued within the time prescribed by law, and those claims were therefore deemed rejected by operation of law pursuant to Government Code section 912.4. Plaintiffs have satisfied all applicable claim presentation prerequisites and conditions precedent to the filing of this action.

16.    **Equitable Tolling; Delayed Accrual; Continuing Violation.** To the extent any Defendant asserts that any claim or cause of action is untimely, such assertion is barred by the

5

doctrines of equitable tolling, delayed accrual, and the continuing violation doctrine. Plaintiffs exercised reasonable diligence under extraordinary and constraining circumstances. Plaintiffs' ability to pursue civil remedies was materially constrained while Plaintiff-1 was detained and while related criminal and juvenile proceedings remained active. During that period, Plaintiffs faced restricted access to evidence, incomplete disclosure of investigative materials, limited discovery rights, and a reasonable and well-founded concern that initiating civil litigation would prejudice Plaintiff-1 defense or expose him to adverse custodial or procedural consequences. or sentencing consequences. Plaintiffs' decision to refrain from parallel civil litigation under these circumstances was reasonable, prudent, and consistent with protecting fundamental due process rights. Defendants suffered no prejudice from any delay, as they remained at all times in exclusive possession, custody, and control of the relevant evidence, investigative files, reports, and institutional records.

17.     **Continuing Accrual and Newly Realized Injury.** The injuries giving rise to this action did not accrue at a single, fixed point in time. Rather, Defendants' misconduct constituted a continuing course of conduct that caused new, distinct, and compounding harm as the same investigative materials, reports, conclusions, and characterizations were repeatedly generated, relied upon, ratified, and invoked across multiple proceedings and contexts. These included charging decisions, detention determinations, transfer proceedings, restitution proceedings, and ongoing civil litigation initiated by third parties who relied upon Defendants' investigative narrative and representations regarding the Plaintiff's conduct.

18.     Plaintiffs suffered a new and concrete deprivation of property on January 14, 2026, when the court imposed a restitution order in excess of one million dollars based on disputed investigative materials and without the procedural safeguards required in a juvenile matter.

6

Plaintiffs continue to suffer ongoing legal, financial, and reputational harm as Defendants' investigative characterizations are relied upon in pending civil litigation. Plaintiffs could not reasonably ascertain the full scope, legal significance, or downstream impact of Defendants' misconduct until those materials were repeatedly used to impose custodial, financial, and civil consequences. Accordingly, accrual was delayed, tolled, and/or renewed as Defendants' conduct continued and as Plaintiffs sustained ongoing and newly realized injuries.

**V.   FACTUAL BACKGROUND**

19.     At the time of the incident, Plaintiff-1 was a seventeen-year-old high school student residing in San Mateo County, California. He had no criminal history and no prior traffic violations.

20.     On November 4, 2022, Plaintiff -1 followed a routine day consistent with his ordinary activities. He attended school and participated in scheduled Woodside High varsity football practice, immediately after he returned home briefly before traveling with the intent to attend a high school football game as a spectator at Sequoia High School in Redwood City.

21.     On the evening of November 4, 2022, Plaintiff -1 traveled along El Camino Real and arrived at the intersection of El Camino Real and Howard Avenue at approximately 7:54:15 p.m. More then one vehicles were already stopped at the intersection when Plaintiff -1 arrived. Plaintiff -1 then came to a stop and remained stationary for approximately 10–20 seconds while awaiting the traffic signal, with at least one vehicle positioned between Plaintiff -1 and another stopped vehicle.

22.     Witnesses later reported that an interaction allegedly occurred between occupants of vehicles while they were stopped at the intersection.

7

23.    When the traffic signal changed at approximately 7:54:30 p.m., Plaintiff-1 proceeded through the intersection. Available time-stamped video evidence reflects that Plaintiff-1 departed the intersection independently.

24.    On the evening of November 4, 2022, the decedent departed her mother's residence in Palo Alto, California, after spending time with family earlier that evening celebrating a promotion. At approximately 7:30 p.m., she left the residence and traveled northbound towards El Camino Real and Finger Ave in Redwood City.

25.    At 7:55:06 p.m., the decedent arrived at the northbound left-turn pocket on El Camino Real, approaching the intersection with Finger Avenue, with the intent to make a westbound left turn.

26.    forty-two seconds after the Howard Avenue traffic signal turned green and Plaintiff-1 departed the intersection, and approximately six seconds after the decedent entered the northbound left-turn pocket, a traffic collision occurred at approximately 7:55:12 p.m. within the southbound number three lane of El Camino Real, involving the vehicles operated by Plaintiff-1 and the decedent, resulting in fatalities and serious injuries to all except the two minor passengers in the decedent's vehicle.

27.    The collision occurred within the southbound number three lane of El Camino Real, the lane in which Plaintiff-1 was traveling. Following the collision, both vehicles traveled in a generally southwestward trajectory and struck multiple fixed objects, including light poles, small trees with metal enclosures, and a metal utility box. The decedent's vehicle struck a light pole and came to rest approximately 100 feet from the point of impact. Plaintiff-1's vehicle came to rest approximately 50 feet from the collision area.

8

28.    Shortly after the collision, a business owner located across the street from the crash site came to assist as Plaintiff-1's vehicle became engulfed in flames. This individual, acting as a Good Samaritan, made efforts to suppress and contain the fire. Additional motorists traveling along El Camino Real soon arrived and rendered assistance. Several bystanders extricated two seven-year-old children from their parents' vehicle, and a separate individual extricated one passenger from another vehicle. Plaintiff-1 remained trapped inside the burning vehicle until first responders arrived. Two Redwood City police officers also made efforts to control the fire until fire department personnel arrived. Plaintiff-1 was ultimately extricated from the vehicle at approximately 8:15 p.m. Emergency responders and law enforcement personnel arrived at the scene shortly thereafter, 7:58 p.m.

29.    The investigation began immediately following the collision. Fifteen minutes after Plaintiff-1 was extricated from the burning vehicle, a responding officer prematurely characterized the incident as a potential street-racing event and a criminal collision involving fatalities. From that point forward, Defendants, acting individually and in concert, suppressed, withheld, mischaracterized, or failed to disclose material exculpatory and impeachment evidence, in violation of Plaintiff-1's due process rights. In doing so, Defendants failed to discharge their affirmative duties as public officials to conduct an objective investigation, to disclose material evidence favorable to Plaintiff-1, and to adhere to established constitutional, professional, and ethical standards governing law enforcement and prosecutorial conduct. These acts and omissions constituted a departure from the standards of fairness, candor, and neutrality required of public servants entrusted with the administration of justice. Plaintiffs reserve the right to amend these allegations as additional facts and evidence become known through discovery or other lawful means.

9

## VI.    AGENCY-SPECIFIC MISCONDUCT

### A.    REDWOOD CITY POLICE DEPARTMENT

30.    At all relevant times, officers of the Redwood City Police Department owed a clear and well-established duty to conduct investigations with accuracy, neutrality, and professional objectivity, and to refrain from fabricating, exaggerating, omitting, or distorting material facts. This duty included the obligation to preserve evidence, fairly evaluate exculpatory and inculpatory information, accurately document witness statements without alteration or embellishment, and present factual findings to prosecutors and courts without bias or advocacy. RCPD officers further had a duty to avoid premature conclusions, to refrain from treating unverified impressions as established facts, and to ensure that investigative decisions were guided by evidence rather than assumptions, emotion, or narrative convenience. These duties are especially heightened when investigating incidents involving juveniles, fatalities, or serious injuries, where the risk of irreversible harm from investigative error is substantial. As alleged herein, RCPD repeatedly breached these duties, resulting in a distorted investigative record that foreseeably influenced charging decisions, judicial proceedings, public perception, and the deprivation of Plaintiffs' constitutional rights.

31.    At all relevant times, Plaintiffs and their family acted with transparency, respect, and full cooperation toward law enforcement and the investigative process. Plaintiffs complied with all directives, provided access when requested, and refrained from public advocacy or interference, trusting that investigating officers would conduct a fair, ethical, and unbiased inquiry consistent with their professional duties. Plaintiffs relied in good faith on law enforcement to adhere to constitutional standards, to accurately evaluate evidence, and to respect the fundamental rights

10

of a juvenile defendant and his family amid a tragic and deeply painful incident. This cooperation and reliance underscore the absence of any obstruction, evasion, or misconduct by Plaintiffs and heighten the prejudice caused by Defendants' subsequent investigative failures and representations.

32.    Immediately following the collision, and before completing any accident reconstruction, forensic analysis, or review of objective physical evidence, officers of the Redwood City Police Department ("RCPD") prematurely characterized the incident as involving "street racing" and attributed responsibility to Plaintiff-1. This conclusion was announced at approximately 8:29 p.m., less than fifteen minutes after Plaintiff was extricated from a burning vehicle, and was based on impression-based statements made under emotion.

32.    RCPD treated vehicle speed as dispositive of fault and causation, rather than as one factor requiring contextual evaluation. Officers failed to analyze how interacting variables, including roadway geometry, lane positioning, perception–reaction time, the conduct of other drivers, and roadway hazards, contributed to the collision.

33.    RCPD selectively developed, emphasized, and presented evidence supporting a predetermined racing narrative while minimizing, omitting, or disregarding evidence that contradicted or complicated that theory, resulting in an investigative record that was curated rather than neutrally developed.

34.    RCPD misrepresented available video footage as demonstrating coordinated racing behavior despite the footage showing substantial separation between vehicles, differing speeds, and the absence of sustained side-by-side travel, coordination, or mutual acceleration.

11

35. RCPD possessed video footage from a Round Table Pizza location near the Howard Avenue intersection that contradicted material aspects of witness accounts concerning speed, proximity, traffic conditions, and coordinated behavior. RCPD failed to meaningfully analyze, reconcile, or disclose these contradictions.

36. RCPD selectively presented only the moment of impact from the Legacy Auto video while omitting critical seconds immediately preceding the collision that depicted vehicle positioning, relative movement, and traffic conditions essential to understanding collision mechanics and causation.

37. RCPD repeatedly described El Camino Real as "moderately congested" despite objective video evidence depicting minimal traffic volume and sparse vehicle flow. RCPD failed to reconcile or disclose any factual basis for this characterization.

38. Distortion of Recklessness Narrative. By mischaracterizing traffic conditions and portraying Plaintiff-1 as weaving through traffic to keep pace with another vehicle, RCPD exaggerated the perceived recklessness of his conduct without objective support, materially distorting the context presented to the court.

39. RCPD misrepresented the location of the area of impact in a manner inconsistent with scene geometry, physical evidence, and video evidence, obscuring the timing, angle, and trajectory of the Chevrolet Bolt's left turn and distorting fault analysis.

40. Failure to Analyze Available EDR Data. RCPD failed to analyze available event data recorder ("EDR") data from other involved vehicles despite its availability and relevance to pre-impact behavior, braking, acceleration, and causation.

12

41. Failure to Investigate Alcohol, Medical, and Vision Factors. RCPD possessed information indicating alcohol consumption by witnesses and drivers, as well as evidence of medical conditions and license restrictions requiring corrective eyewear applicable to the decedent, yet failed to investigate or incorporate these factors into any causation or perception–reaction analysis.

42. Misrepresentation and Alteration of Witness Statements. RCPD selectively summarized witness statements, substituted officers' interpretations for witnesses' actual words, omitted qualifying language expressing uncertainty or limited visibility, and documented impression-based conclusions as affirmative factual observations.

43. Loss and Substitution of Critical Recorded Evidence. RCPD reported that a recorded witness statement from Kyle Harrison existed and was later lost due to purported equipment failure. No independent copy was preserved. RCPD instead relied on secondary officer summaries, depriving Plaintiffs of material evidence necessary to evaluate accuracy, context, qualifiers, and potential exculpatory content.

44. Unnecessary and Disproportionate Execution of Search Warrant. RCPD executed a residential search warrant while Plaintiff remained hospitalized and immobilized, and under continuous police supervision, despite the absence of flight risk, danger to others, or risk of evidence destruction.

45. Disproportionate and Militarized Use of Force. RCPD deployed approximately fourteen to sixteen armed officers to execute the warrant, employing a show of force wholly disproportionate to any investigative necessity and inconsistent with the circumstances of a juvenile suspect confined to a hospital bed.

13

46.    Punitive and Intimidating Manner of Execution. The timing, scale, and manner of the search served no legitimate investigative purpose and instead functioned to intimidate and punish the Morales family during a period of acute medical and emotional vulnerability, constituting an unreasonable intrusion under the Fourth Amendment.

47.    Selective Seizure and Mischaracterization of Property. RCPD selectively seized innocuous items, including toy model cars, video games, and clothing, some not belonging to The Plaintiff driver, and characterized them as indicative of racing involvement while ignoring substantial evidence of lawful school and athletic activities.

48.    Advancement of Unsupported Vehicle Modification Allegations. Despite a comprehensive sixteen-page CHP vehicle inspection finding no performance-enhancing or causative modifications, RCPD continued to advance allegations of vehicle modification without evidentiary support, inflating the perceived severity of the plaintiff's conduct.

49.    Failure to Correct Known Inaccuracies. RCPD failed to correct known inaccuracies in investigative reports, including unsupported claims regarding vehicle modifications and mischaracterizations of the plaintiff, who was then a juvenile, allowing those falsehoods to persist into charging and judicial proceedings.

50.    False and Factually Impossible Hospital Safeguarding Report. An RCPD officer, Tyler Wolfe, authored a hospital safeguarding supplement that departed from objective, fact-based reporting and instead consisted of subjective, character-based assertions unsupported by body-worn camera footage, medical records, or contemporaneous documentation. The report attributed specific conduct, demeanor, and interactions to the Plaintiff, his family members, and injured passengers that were physically and temporally impossible given the documented

14

circumstances. As reflected in the police and medical records, the injured passengers were transported at different times, treated at different locations, and were not together during the periods described; at least one passenger was severely injured and intermittently unconscious, rendering the conduct attributed to him impossible. The report further attributed disruptive or improper behavior to Plaintiff Arnold Antonio Morales despite available video evidence demonstrating calm, respectful, and compliant conduct. These assertions could not have been the product of mistaken observation, as the described interactions could not have occurred. By documenting impossible events as factual observations, Officer Wolfe fabricated or recklessly falsified material information that was later relied upon in custodial decisions, charging considerations, and judicial proceedings. This report materially distorted the evidentiary record, improperly portrayed Plaintiffs' character and conduct, and violated RCPD's duty of accuracy, candor, and due process.

51.    Failure to Correct Known False Public Statements and Ratification of Misinformation RCPD became aware that a bystander made false public statements to the media alleging street racing, despite later admitting that he was not present at the scene, yet failed to correct, disavow, or clarify those statements. By knowingly allowing false and misleading factual assertions to persist uncorrected during an active investigation, RCPD ratified misinformation that foreseeably contaminated public perception, influenced judicial proceedings, and deprived Plaintiffs of due process.

52.    Improper Bias, Moral Advocacy, and Retaliatory Posture by Supervising Sergeant. During the initial hospital interaction following the collision, a supervising sergeant of the Redwood City Police Department stated to Plaintiff that the case was "open and shut," that Plaintiff's son was responsible, and that two minor children had been orphaned "because of"

Plaintiff's son. During this interaction, the sergeant further invoked moral judgment, stating words to the effect of "we teach our kids to do the right thing," and framed the incident as conclusively resolved before completion of any accident reconstruction, forensic analysis, or review of objective evidence. At a later date, while Plaintiff was present at the Redwood City Police Department during an initial attempt to file a complaint, the same sergeant approached Plaintiff, insisted on speaking with him, and escorted him into a separate room. When Plaintiff asked why the sergeant had taken such an aggressive posture toward him and his family, the sergeant stated that he was upset because Plaintiff had raised factual issues regarding the decedent's left turn and possible alcohol involvement, and characterized Plaintiff's request to review those issues as disrespectful and as "blaming the victim." These statements demonstrate that the sergeant's investigative conduct and demeanor were influenced by personal moral reaction and offense rather than objective evaluation of evidence, further evidencing bias, retaliatory posture, and abandonment of investigative neutrality.

53. Improper Witness Intimidation Through Coercive Detention, Narrative Priming, and Advocacy. At all relevant times, a supervising sergeant of the Redwood City Police Department abandoned investigative neutrality and engaged in improper witness intimidation, narrative priming, and advocacy. In multiple interviews, including with Kyle Harrison's passengers and uninvolved civilian witnesses, the sergeant pre-framed the incident as a "street-racing" case in which two minor children were orphaned and the responsible parties remained "on the street," and invoked the need to "bring justice" before eliciting statements. The sergeant further implied potential criminal exposure to certain witnesses by asserting that their liability was "still out to the jury," and in one instance temporarily arrested a witness during questioning, only to later release him without charges. Rather than collecting untainted recollections, the sergeant

16

supplied conclusions, challenged non-conforming responses, and implored witnesses to adopt his narrative. This patterned course of conduct foreseeably exerted coercive pressure, contaminated witness testimony, suppressed independent recollection, and produced a distorted investigative record favoring a predetermined theory of culpability, in violation of the Redwood City Police Department's duty of neutrality, objectivity, and due process.

54.    Misrepresentation of Alleged Verbal Statements to Infer Coordination. RCPD relied upon and materially misrepresented allegations that a passenger in Kyle Harrison's vehicle shouted statements toward the Plaintiff, then a juvenile's vehicle, including the phrase "blow the light." No witness alleged that the words "race," "let's race," or any language expressing competition or agreement were used, and no witness reported any direct verbal communication between Kyle Harrison, the driver, and the Plaintiff, then a juvenile driver. Video evidence does not capture any such exchange, nor does it support the occurrence of the alleged statements as described. Even according to RCPD's own reports, Kyle Harrison stated only that he heard his own passenger shouting unspecified profanities, not that he communicated with or directed any statements toward the Plaintiff, then a juvenile driver. Nevertheless, RCPD improperly treated these passenger remarks as evidence of driver-to-driver communication and mutual intent, drawing unsupported inferences of coordination and racing behavior. This mischaracterization transformed unverified, third-party passenger conduct into a false narrative of shared intent between drivers, materially distorting the factual record and influencing investigative conclusions, charging decisions, and judicial evaluation of the incident.

55.    RCPD knowingly or recklessly communicated false, misleading, incomplete, or unverified factual assertions regarding the circumstances of the collision to the victims' family, including assertions derived from an investigation that was materially deficient, biased, and

17

later contradicted by objective evidence. These misrepresentations foreseeably caused the victims' family additional emotional distress and grief by presenting an inaccurate and exaggerated narrative of intentional or extraordinarily reckless conduct. RCPD further knew or should have known that such mischaracterizations would influence the victims' family's understanding of the incident and reasonably prompt them to pursue civil legal action based on false premises originating from RCPD's investigative failures. The resulting civil litigation has continued to rely upon and propagate significant factual inaccuracies traceable to RCPD's investigative record, thereby compounding harm to all parties, including prejudicing the Plaintiff, then a juvenile, defense, exposing his family to prolonged legal and emotional injury, and perpetuating a distorted narrative that would not have existed absent RCPD's misrepresentations.

## B. CALIFORNIA HIGHWAY PATROL (CHP)

56.     California Highway Patrol, Duty of Scientific Integrity, Independence, and CandorAt all relevant times, the California Highway Patrol ("CHP"), including its Golden Gate Division Multidisciplinary Accident Investigation Team ("MAIT"), owed an independent and non-delegable duty to conduct any technical assistance, reconstruction analysis, or expert evaluation with scientific integrity, professional independence, and objective rigor. This duty required CHP to independently verify foundational data, to disclose methodological limitations and uncertainties, to avoid reliance on unverified or unreliable inputs, and to refrain from adopting or ratifying investigative assumptions supplied by another agency without adequate validation. CHP was further obligated to ensure that any opinions it generated or endorsed were methodologically sound, transparently qualified, and not misleading by omission, particularly where such opinions would foreseeably influence custodial decisions, charging determinations,

18

INSERT DOCUMENT TITLE

judicial proceedings, or public perception. These duties applied regardless of whether CHP's involvement was initiated by request or limited in scope. As alleged herein, CHP breached these duties by accepting and replicating flawed methodologies, using invalid analytical inputs, failing to reconcile internal contradictions revealed by its own inspection findings, and presenting incomplete or unsound analyses as reliable, thereby materially contributing to a distorted evidentiary record and the violation of Plaintiffs' constitutional rights.

57.     Acceptance of a Predetermined Investigative Narrative. CHP accepted and operated within a narrative framework supplied by the Redwood City Police Department that characterized the collision as a street-racing event, without independently validating the factual assumptions underlying that characterization. CHP did not test whether the narrative was supported by objective evidence and instead proceeded in a manner that reinforced conclusions already reached by RCPD.

58.     Uncritical Reliance on Unverified Inputs Provided by RCPD. CHP relied on foundational investigative inputs supplied by the Redwood City Police Department, including scene measurements, scaled diagrams derived from RCPD Total Station data, assumptions regarding traffic conditions, and preliminary narrative characterizations of the incident, without conducting independent verification or validation. CHP's MAIT diagram and video-distance analysis were expressly constructed using scan information and surveillance footage provided by RCPD, yet CHP did not independently rescan the scene, confirm measurement accuracy, or disclose the extent to which its conclusions depended on RCPD-generated data. This reliance extended to speed-related assumptions derived from low-quality, copied surveillance footage recorded at approximately seven frames per second and impression-based interpretations of vehicle behavior that CHP knew or should have known were methodologically unreliable. By

19

adopting RCPD's measurements, assumptions, and framing without independent validation, CHP embedded unverified inputs into its own technical analyses and presented the resulting conclusions as reliable expert findings.

59.    Replication of a Fundamentally Flawed Speed-Over-Time Analysis

CHP corroborated or replicated a speed analysis originally conducted by RCPD using **a copy** of low-resolution surveillance footage recorded at approximately seven frames per second, without performing forensic verification of the video's timing accuracy, frame integrity, or synchronization. CHP accepted a fixed time interval, approximately 0.71 seconds, without validating its accuracy, despite known limitations inherent in copied, compressed nighttime footage.

60.    Inadequate and Selective Treatment of Methodological Uncertainty in Video-Based Speed Estimation. While CHP nominally acknowledged certain sources of potential measurement variability in its video-based speed analysis, including use of a limited frame count, scaled distance estimates, and alternate lane positions, those acknowledgments were narrow, incomplete, and not meaningfully incorporated into the ultimate conclusions presented. CHP failed to quantify or propagate cumulative uncertainty arising from low-frame-rate recording (approximately seven frames per second), unknown camera time offsets, perspective distortion, parallax, landmark alignment ambiguity, nighttime lighting conditions, compression artifacts, and the assumption of constant speed over a short acceleration interval.

61.    Rather than treating these factors as limiting constraints on reliability, CHP presented a speed range as corroborative confirmation and subsequently relied on that range to reinforce higher speed conclusions derived from other flawed methodologies. By acknowledging discrete tolerances while omitting their combined effect, and by presenting results in determinate terms

20

without confidence intervals or error bounds, CHP conveyed a false impression of precision and reliability not supported by the underlying data.

62.    Defective Conservation-of-Momentum Speed Analysis. CHP conducted a conservation-of-momentum analysis using materially incorrect inputs, including improper vehicle mass calculations. Rather than using post-collision vehicle weights inclusive of all occupants and contents, CHP employed reduced or incomplete mass values, artificially inflating the speed required to produce observed vehicle movement.

63.    Improper Selection and Application of Coefficient of Friction Values. CHP derived coefficient-of-friction values using a CHP SUV with materially different weight distribution, suspension geometry, tire composition, and performance characteristics from the vehicles involved in the collision. The testing was conducted at approximately 2:00 p.m., under daylight conditions materially different from the nighttime conditions present at approximately 7:55 p.m. at the time of the collision. CHP failed to account for temperature, lighting, surface conditions, or diurnal changes affecting roadway friction.

64.    Presentation of Complex but Unsound Calculations as Definitive. CHP presented highly technical calculations in a manner that leveraged the authority and perceived expertise of the MAIT team while obscuring underlying errors, assumptions, and uncertainties. CHP knew or should have known that courts and lay decision-makers would reasonably rely on CHP's authority and accept the findings as accurate, despite the absence of methodological reliability.

65.    Failure to Conduct or Request a Full Causation Analysis. Despite its technical role and expertise, CHP did not expand its analysis to include roadway geometry, lane positioning, vehicle trajectories, perception–reaction timing, visibility constraints, traffic flow, or the

21

decedent's left-turn maneuver. CHP did not advise RCPD or the court that speed alone could not establish causation under accepted accident-reconstruction principles.

66.    Internal Contradiction Between Vehicle Inspection Findings and Investigative Narrative. CHP conducted a comprehensive vehicle inspection spanning pages 14, page 291-304 of CHP Supplemental report. The report examined engine, drivetrain, exhaust, intake, suspension, and related systems, and found no performance-enhancing or causative modifications. Nevertheless, CHP failed to correct or reconcile earlier representations suggesting mechanical enhancement or increased engine power.

67.    Failure to Correct or Clarify False Modification Allegations CHP did not take corrective action after its own inspection conclusively contradicted earlier claims attributed to CHP MAIT personnel regarding supercharger pulleys, exhaust modification, or "straight-piped" configuration. CHP allowed those allegations to persist in the investigative record despite knowing they were unsupported.

68.    Contribution to a Misleading Evidentiary Record. By accepting flawed inputs, employing unsound methodologies, failing to disclose limitations, and not correcting known inaccuracies, CHP materially contributed to an investigative record that overstated speed, exaggerated recklessness, and misrepresented vehicle condition. These failures foreseeably influenced custodial decisions, charging posture, restitution proceedings, and subsequent civil litigation.

69.    Selective Dismissal and Mischaracterization of Event Data Recorder (EDR) Evidence. CHP obtained, reviewed, and affirmatively relied upon event data recorder ("EDR") information from the 2020 Chevrolet Bolt, which recorded pre-crash vehicle behavior in 0.5-second

22

increments and reflected accelerator input, braking status, and vehicle speed derived from wheel-speed sensors. That data showed a rapid increase in indicated speed to approximately 29 miles per hour during the decedent's left-turn maneuver, coinciding with increased accelerator input. Rather than analyze what this data demonstrated regarding vehicle movement, timing, and causation, CHP dismissed the EDR-reported acceleration as "most likely" attributable to wheel slip or system error. This conclusion was asserted without any diagnostic fault codes, system error flags, or forensic testing confirming sensor malfunction, and despite the vehicle's electronic systems incorporating redundancy, internal error checking, and averaging mechanisms designed to identify anomalous data. CHP further rejected the EDR speed as not representing true road speed based solely on coefficient-of-friction assumptions derived from unrelated testing, without explaining why tire slip would occur under the documented roadway, traction, and maneuver conditions, or reconciling that assertion with the recorded accelerator input and braking sequence. Rather than question or re-evaluate its friction assumptions in light of contradictory electronic evidence, CHP rejected the EDR data because it conflicted with predetermined conclusions. This selective dismissal of reliable electronic evidence, without technical validation, causal explanation, or reconciliation, rendered CHP's reconstruction incomplete and misleading, violated accepted principles of scientific analysis, and breached CHP's duty of scientific integrity, independence, and candor.

## C.   DISTRICT ATTORNEY'S OFFICE

70.    Defendants charged the Plaintiff, then a juvenile, with second-degree murder despite the absence of evidence supporting express or implied malice, intent to kill, or conscious disregard for life as required under California law. At the time the charge was filed, Defendants knew or should have known that the investigating law-enforcement agency had identified vehicular

23

manslaughter, not murder, as the appropriate offense; that Plaintiff voluntarily and immediately submitted to breath and blood testing on the night of the incident revealing no alcohol or controlled substances; and that Plaintiff was a juvenile with no prior criminal record, no history of violence, no gang affiliation, and no history of substance abuse. No evidence existed of malice, predatory conduct, or a homicidal mental state. Filing a malice-based homicide charge unsupported by probable cause and contrary to the investigative record constituted an arbitrary government action and violated Plaintiff's right to procedural due process under the Fourteenth Amendment.

71.    Abuse of the Juvenile Transfer Process Through Use of an Unsupported Murder Charge. After filing the unsupported murder charge, Defendants relied upon that charge as the qualifying predicate to petition for transfer of Plaintiff from juvenile court to adult criminal jurisdiction under Welfare and Institutions Code section 707. The transfer petition expressly invoked Penal Code section 187(a) to expose Plaintiff to adult prosecution and punishment. By using a charge lacking probable cause to trigger loss of juvenile jurisdiction, Defendants deprived Plaintiff of statutory and constitutional protections unique to the juvenile system, subjected him to harsher detention conditions and public stigma, and altered the trajectory of the proceedings in a manner not justified by the evidence. This manipulation of charging authority to expand jurisdiction and punitive exposure constituted an abuse of the juvenile transfer process and a separate violation of Plaintiff's right to due process.

72.    Attribution of Parental Culpability Based on False and Unverified Premises. In opposing release and advocating continued detention, the Deputy District Attorney asserted that Plaintiff's parents purchased the vehicle, facilitated its modification, and fostered dangerous conduct, using those claims to argue that release to parental custody posed a public-safety risk.

24

These assertions were false or unsupported by evidence, including misstatements regarding vehicle ownership, modification history, and parental conduct. By attributing culpability to Plaintiff's parents without an evidentiary basis, Defendants improperly shifted blame, misled the court, and influenced custodial determinations in violation of due process.

73.     Material Misrepresentation of Vehicle Condition to the Court. At the December 2022 detention hearing, the Deputy District Attorney materially misrepresented the condition of Plaintiff's vehicle, asserting that it was a "race car" with lowered suspension, canted wheels, removed mufflers, upgraded components, and increased engine power, and claiming personal verification with Officer Schrum. These assertions were false and contradicted by contemporaneous law-enforcement records and later by a comprehensive CHP MAIT vehicle inspection, which found no performance-enhancing or power-increasing modifications. The only non-stock item identified, an aftermarket exhaust, was installed by a prior owner and did not increase performance. Presenting demonstrably inaccurate claims as fact materially misled the court and improperly influenced detention and transfer considerations.

74.     Continued Reliance on Disproven Allegations After Knowledge of Falsity. After Defendants acquired actual or constructive knowledge that allegations of performance-enhancing vehicle modifications were false, including through law-enforcement records, CHP MAIT inspection findings, and manufacturer confirmation—Defendants nevertheless continued to rely upon and advance those allegations to justify detention, jurisdictional escalation, and punitive posture. Defendants failed to correct, withdraw, or disavow the false narrative, permitting it to persist in court proceedings and public discourse. Continued reliance on allegations known to be false constituted knowing or reckless misconduct that materially distorted the evidentiary record and violated Plaintiff's right to due process.

25

INSERT DOCUMENT TITLE

75. Presentation of Disputed Allegations as Established Fact at a Detention Hearing. At the December 2022 detention hearing, expressly acknowledged by the court as not a prima facie proceeding, the Deputy District Attorney presented disputed and untested allegations as established fact, including assertions of street racing, speeds exceeding 100 miles per hour, deliberate non-braking, exclusive causation, and extreme recklessness. These assertions were made in the absence of expert testimony, completed accident reconstruction, CHP analysis, or full coroner data. By treating unresolved factual disputes as settled truths at a preliminary custodial hearing where no factual adjudication was permitted, the prosecution improperly influenced the court's assessment of a juvenile defendant before the investigation was complete, thereby depriving Plaintiff of a fair and neutral process in violation of the Fourteenth Amendment's Due Process Clause.

76. Suppression and Delegitimization of Legitimate Causation Inquiry. When defense counsel raised unresolved causation issues, including the legality and timing of the decedent's left turn and the absence of completed reconstruction and toxicology, the Deputy District Attorney dismissed such inquiry as "offensive" and asserted that the victim was "not at fault," despite acknowledging that key investigative materials were still pending. This conduct improperly chilled legitimate factual inquiry, discouraged neutral evaluation of causation, and prematurely foreclosed defenses the court itself recognized remained unresolved, violating Plaintiff's right to due process.

77. Knowing Inflation and Mischaracterization of Traffic and Environmental Conditions. The Deputy District Attorney knowingly exaggerated traffic and pedestrian conditions by asserting that the incident occurred while "people were going to a ballgame" in a busy commercial corridor, implying large-event congestion. In reality, the referenced event was a

26

high-school football game that had begun approximately one hour earlier and was not associated with documented pedestrian congestion at the collision location. This mischaracterization was used to inflate perceived danger and recklessness and improperly influence detention and charging decisions, in violation of due process.

78.    Unlawful Public Disclosure of a Juvenile's Identity and Resulting in reputational harm. Defendants unlawfully disclosed the identity of the Plaintiff, then a juvenile, to the public and media, notwithstanding statutory and constitutional protections afforded to juveniles. As a direct result, numerous media outlets( over50)  published multiple articles identifying Plaintiff by name and portraying him through false, exaggerated, and prejudicial narratives. Even where some outlets withheld his name, the cumulative effect of Defendants' disclosures irreversibly stripped Plaintiff of juvenile anonymity and caused lasting reputational harm, stigma, and foreseeable damage to his future educational, professional, and personal opportunities. This unjustified invasion of a juvenile's privacy constituted a deprivation of liberty and due process under the Fourteenth Amendment.

79.    Manipulation of the Restitution Process Resulting in the Exclusion of Probation's Statutory Role. The District Attorney's Office initiated and facilitated an expedited restitution process that effectively excluded the Probation Department from fulfilling its statutory duties in a juvenile matter. Despite restitution having been scheduled within juvenile court under an extended juvenile jurisdiction framework, the prosecution pursued an accelerated adult-division proceeding under severe time pressure, thereby foreclosing meaningful probation participation.

80.    Victim restitution materials were submitted in multiple late and amended tranches, on January 5, 2026; January 13, 2026; and again on the day of the restitution hearing and decision , January 16, 2026. This rolling presentation of materials deprived Probation of a reasonable

27

opportunity to review, verify, assess, or independently analyze the claimed losses, offsets, payment status, or proportionality required under juvenile law.

81.     By advancing restitution in this manner, the District Attorney's Office created a procedural posture in which the court was asked to rule without the benefit of Probation's neutral assessment, recommendations, or verification, functions that exist specifically to safeguard accuracy, rehabilitation, and fairness in juvenile proceedings. This conduct improperly shifted restitution from a rehabilitative juvenile process into an outcome-driven, adversarial proceeding and violated Plaintiff's right to due process.

## D. SAN MATEO COUNTY PROBATION DEPARTMENT

82.     **Process-Driven Violations Arising From the District Attorney's Office Prosecutorial Conduct)** Deprivation of a Reasonable Opportunity to Perform Statutory Duties. The Probation Department was deprived of a reasonable and meaningful opportunity to fulfill its statutory obligations in connection with restitution. Although Probation is charged with evaluating restitution claims, verifying losses, assessing proportionality, and providing neutral recommendations consistent with juvenile rehabilitative principles, it was functionally excluded from the process by the manner in which restitution was advanced.

83.     Victim materials were submitted in an untimely and piecemeal fashion, on January 5, 2026, amended on January 13, 2026, and supplemented again on the day of the hearing, January 16, 2026. This compressed and rolling submission timeline prevented Probation from conducting any meaningful review, investigation, or verification prior to the court's ruling.

84.     Structural Exclusion from the Restitution Determination. As a direct result of the expedited prosecution-driven process, Probation did not participate in the calculation,

28

verification, allocation, or recommendation of restitution amounts. The absence of Probation input was not the result of neglect or refusal, but of a procedural structure that rendered meaningful participation impossible.

85.    This exclusion undermined the reliability of the restitution order and stripped the juvenile process of a core safeguard designed to protect against speculative, duplicative, or punitive financial orders.

86.    Resulting Due Process Harm to the Juvenile Defendant. The absence of Probation's involvement materially prejudiced Plaintiff. Restitution was imposed without neutral verification of losses, without assessment of offsets or third-party payments, without allocation by claimant, and without analysis grounded in juvenile rehabilitative principles.

87.    By allowing restitution to proceed in this manner, the process functioned as punishment rather than rehabilitation, contravening the fundamental purposes of juvenile law and depriving Plaintiff of procedural due process.

## E. SAN MATEO COUNTY CORONER'S OFFICE

88.    Failure to preserve, collect, and reliably assess alcohol evidence. The San Mateo County Coroner's Office failed to preserve and properly assess time-sensitive alcohol evidence related to the decedent's death. The decedent's body remained unrefrigerated for approximately six and a half hours following the collision, despite the Coroner being informed on the night of the incident by the decedent's sister that the decedent had consumed alcohol prior to driving. The Coroner did not treat alcohol testing as urgent evidence subject to postmortem degradation. Postmortem blood was not collected until later the following day, after prolonged unrefrigerated exposure and transport, and the sample was sent to an out-of-county laboratory for testing. The

29

timing of the actual analysis remains unclear, and results were not reported for months. Despite these known limitations, the Coroner failed to employ additional established forensic methods, such as vitreous humor, urine, or gastric content analysis, or to apply retrograde estimation techniques commonly used when alcohol consumption and timelines are known. This sequence of delay, incomplete testing, and lack of forensic rigor materially compromised the reliability of the alcohol assessment and departed from accepted forensic standards. Contradictory Toxicology Findings Demonstrating Unreliability of Initial Report.

Nearly two years after the incident, independent toxicology testing obtained by defense counsel detected measurable alcohol levels in the decedent's blood (0.023%) and vitreous fluid (0.011%), findings that directly contradict the Coroner's initial conclusion of a 0.00% blood alcohol concentration. The detection of alcohol in vitreous fluid, widely recognized as less susceptible to postmortem degradation, indicates the presence of alcohol at or near the time of death and raises serious questions regarding the accuracy, methodology, and reliability of the Coroner's original toxicological conclusions.

89.     Issuance of a Definitive 0.00% BAC Finding Without Adequate Scientific Foundation. The Coroner's Office reported a conclusive 0.00% BAC despite known factors that undermine the reliability and relevance of postmortem blood testing, including prolonged unrefrigerated time, delayed sample collection, lack of corroborating fluid analysis, and reported pre-driving alcohol consumption. According to family statements, the decedent consumed alcohol during an early-evening dinner and departed her mother's home in Palo Alto at approximately 7:30 p.m., and was involved in the collision at approximately 7:55 p.m., less than thirty minutes later. Because blood alcohol concentration reflects the level at the time of testing rather than at the time of driving, and because alcohol absorption, distribution, and postmortem degradation vary

30

over time, a zero-alcohol finding obtained hours later does not reliably reflect impairment or presence of alcohol at the time of vehicle operation. Issuing a definitive 0.00% BAC under these temporal and methodological conditions overstated scientific certainty, failed to disclose known limitations, and materially misrepresented the evidentiary value of the toxicology performed.

90.     Failure to Integrate Known Medical Conditions Into Impairment Analysis. The Coroner's Office failed to meaningfully consider or analyze the decedent's documented medical conditions and prescribed medications in evaluating potential impairment, perception, reaction time, or decision-making. Available medical records reflected significant neurological and migraine-related conditions, as well as medications relevant to driving performance. The omission of these factors resulted in an incomplete and misleading impairment analysis and deprived investigators of a comprehensive assessment of contributing conditions. Failure to Consider Vision Restrictions and Other Contributing Medical Factors. The Coroner's Office failed to document or evaluate the decedent's driver's license restriction requiring corrective lenses, despite no eyewear being recovered at the scene, in the vehicle, or during examination. This omission excluded a potentially material factor affecting perception and reaction time and reflects an incomplete assessment of conditions relevant to the collision.

91.     Improper Reliance on Family Statements Without Independent Medical Verification. The Coroner's Office relied on representations from the decedent's sister that the decedent had no known medical conditions and rarely consumed alcohol, without independently verifying those statements against available medical records. Subsequent records revealed multiple documented medical conditions directly relevant to impairment analysis. Substituting unverified

31

narrative statements for independent medical verification constituted a departure from accepted forensic practice and contributed to an incomplete and inaccurate investigative record.

92.    Failure to Prioritize Examination of the Driver With Known Risk Factors. Despite confirming that the decedent was the driver and had reportedly consumed alcohol prior to the collision, the Coroner's Office examined and collected samples from the passenger before completing the decedent's examination. This reversed prioritization deviated from standard forensic protocols in cases involving potential driver impairment and further delayed the collection of time-sensitive evidence.

93.    H. Inaccurate and Careless Documentation Practices. The Coroner's Office committed multiple documentation errors, including incorrect dates, misplacement of accident narrative into inappropriate report sections, and the use of a male anatomical diagram to document injuries on a female decedent. These errors reflect a lack of professional rigor, undermine confidence in the accuracy of the findings, and raise serious concerns regarding the reliability of the coroner's work in this case.

94.    Failure to communicate Material Forensic Uncertainty to Investigators. The Coroner's Office failed to timely communicate the limitations, uncertainties, and potential unreliability of its alcohol findings to law enforcement. By presenting incomplete or overconfident conclusions without disclosing methodological weaknesses, the Coroner's Office contributed to a distorted investigative record that was relied upon by police and prosecutors in subsequent charging, detention, and public representations.

INSERT DOCUMENT TITLE

## F. SAN MATEO COUNTY PRIVATE DEFENDER PROGRAM.

95.     Plaintiffs acknowledge and remain genuinely grateful that assigned defense counsel successfully opposed the transfer of Plaintiff, then a juvenile, to adult court and defeated the pursuit of murder charges. These outcomes were critically important, materially altered the Plaintiff, then a juvenile, legal exposure, and reflected meaningful advocacy at an early and consequential stage of the proceedings.

96.     However, effective and constitutionally adequate representation does not end with partial victories. After those objectives were achieved, defense counsel failed to provide a meaningful defense against the remaining allegations. Counsel adopted a narrow strategy focused almost exclusively on adolescent brain development, while declining to challenge disputed facts, prosecution narratives, witness opinions, speed allegations, traffic conditions, and causation issues that remained central to the case.

97.     Plaintiffs are aware of the procedural and jurisdictional distinctions governing civil rights claims, post-conviction remedies, and professional responsibility matters, and have structured this pleading accordingly. The allegations concerning the San Mateo County Private Defender Program are included solely to establish factual context, causation, and the absence of meaningful adversarial safeguards that foreseeably allowed distorted investigative narratives to go untested and to be relied upon by other Defendants. Plaintiffs do not assert a cause of action against the Private Defender Program in this Complaint and expressly reserve all rights to pursue any appropriate remedies in any proper forum. As a result, key allegations were effectively conceded without adjudication, and the case proceeded with minimal adversarial testing, despite the family's express willingness to contest those issues at trial. The deficiencies described below were not isolated tactical disagreements but systemic failures that deprived a

33

juvenile client of meaningful participation, informed decision-making, and a fact-driven defense.

98. The assigned defender entered stipulations affecting the Plaintiff's legal posture without obtaining the Plaintiff's informed consent or adequately explaining the legal consequences of those stipulations. At the time, Plaintiff was a juvenile and was therefore entitled to heightened protections ensuring that any strategic concessions were knowingly and voluntarily made. The failure to secure informed consent undermined Plaintiff's autonomy and compromised the integrity of the defense.

99. The Private Defender Program failed to investigate, develop, or present substantial mitigating and exculpatory evidence known to the defense, including, but not limited to, the following categories of material evidence:

a. Traffic Conditions and Roadway Context, Evidence contradicting law enforcement's characterization of traffic as "moderately congested," including evidence demonstrating low traffic volume, unobstructed roadway conditions, and the absence of surrounding vehicles at critical times.

b. Extreme Speed Allegations, Evidence undermining allegations of extreme speed, including methodological flaws, unreliable video-based estimates, inconsistent calculations, and alternative data reflecting materially lower speed ranges than those asserted by the prosecution.

c. Street Racing Allegations Evidence contradicting the allegation of street racing, including the absence of coordinated conduct, lack of parallel acceleration, temporal

34

separation between vehicles, inconsistent witness accounts, and investigative assumptions treated as fact.

d. Investigative Bias and Factual Mischaracterization. Evidence demonstrating investigative bias, selective interpretation of witness statements, mischaracterization of observations, omission of contrary facts, and factual errors by law enforcement that were adopted wholesale by the prosecution.

e. Contradictory Causation and Narrative Evidence. Evidence contradicting the prosecution's narrative relied upon at detention, adjudication, and sentencing, including facts bearing on sequence, visibility, intervening conduct, and alternative causation mechanisms.

100.    This failure did not result from a lack of available evidence, but from a refusal to pursue or integrate such evidence into the defense strategy, depriving the court of a complete and accurate factual record. Defense counsel repeatedly declined to present relevant factual challenges out of concern that doing so might be perceived as "offensive" or professionally risky. This abandonment of the adversarial role elevated professional caution over the client's constitutional right to a vigorous defense and permitted false or misleading prosecution narratives to remain untested.

101.    Failure to Disclose or Explain Material Strategic Decisions, Material defense decisions, including apparent concessions or agreements discussed outside open court, were not adequately disclosed or explained to Juvenile Plaintiff or his parents. This lack of transparency deprived the juvenile client and his family of the ability to make informed decisions and meaningfully participate in the defense.

35

102.    Failure to Challenge Witness Credibility and Investigative Errors, Key witnesses were not meaningfully cross-examined, and clear inconsistencies, bias, opinion testimony, and investigative errors were left unchallenged. The failure to test adverse evidence allowed unreliable assertions to harden into accepted fact, influencing detention decisions, adjudication, restitution, and public perception.

103.    Failure to File a Racial Justice Act Petition After Acknowledging Its Merit Defense counsel advised that the plaintiff's case warranted the filing of a Racial Justice Act petition and obtained the family's full support for pursuing such relief. Despite acknowledging its validity and potential importance, counsel later refused to file the petition, citing workload concerns. This abandonment of an available statutory protection constituted a failure to pursue meaningful legal remedies on behalf of a juvenile client.

104.    Systemic Failure of PDP Leadership to Address Known Deficiencies. Concerns regarding investigative bias, evidentiary omissions, and representational deficiencies were raised with Private Defender Program leadership, including Don Reyes and Lisa McGuire. Despite assurances that these concerns would be addressed, no meaningful oversight, intervention, or corrective action occurred. This reflects a systemic failure within the PDP to supervise, monitor, or remediate deficient representation.

105.    Constructive Exclusion of the Juvenile's Parents From Meaningful Defense Participation. As the parents of a juvenile client, Plaintiffs repeatedly sought to provide factual information and assist constructively in Plaintiff's defense. Rather than being appropriately integrated, their efforts were dismissed or excluded, resulting in a defense strategy disconnected from available evidence and the juvenile's best interests.

36

106.   Cumulative Deprivation of Effective Juvenile Representation. Taken together, the PDP's failures, including lack of investigation, absence of informed consent, abandonment of adversarial advocacy, refusal to pursue statutory remedies, inadequate transparency, and leadership inaction, constituted a constructive denial of meaningful representation. These failures foreseeably prolonged detention, amplified reputational harm, and exposed the Plaintiff, then a juvenile, and his family to lasting legal, personal, and financial consequences.

107.   At all relevant times, the unconstitutional acts and omissions alleged herein were directed, approved, ratified, or knowingly tolerated by final policymakers for each Defendant entity. These policymakers included commanding officers and supervising sergeants within the Redwood City Police Department, supervisory personnel within the California Highway Patrol and its Multidisciplinary Accident Investigation Team, and decision-makers within the San Mateo County District Attorney's Office and County agencies vested with final authority over investigative practices, charging recommendations, evidence reliance, and inter-agency coordination. Defendants' policies, customs, practices, and failures to supervise or correct known deficiencies were a moving force behind the constitutional violations and injuries suffered by Plaintiffs.

108.   Plaintiffs allege the foregoing facts regarding the San Mateo County Private Defender Program to establish context, causation, and systemic failure affecting the fairness of the proceedings and the conduct of other Defendants. Plaintiffs expressly reserve all rights to pursue appropriate post-conviction, habeas, mandamus, professional discipline, malpractice, or other remedies relating to conflicts of interest, ineffective assistance of counsel, or denial of meaningful representation, in the appropriate forum.

37

## VII. CAUSES OF ACTION

### A.      FIRST CAUSE OF ACTION

**(42 U.S.C. § 1983 – Deprivation of Procedural Due Process)**
**Against All Defendants**

*Plaintiffs incorporate by reference all prior paragraphs as though fully set forth herein.*

109.    Defendants, acting under color of state law, deprived Plaintiff Cesar Maximiliano Morales of liberty and property without due process of law by fabricating, distorting, suppressing, and selectively presenting evidence; by relying on impression-based and unreliable witness statements; by advancing unsupported conclusions as fact; and by failing to disclose material exculpatory and impeachment evidence. These acts foreseeably resulted in unlawful detention, punitive restrictions, transfer proceedings, restitution proceedings, and continuing civil consequences. Defendants' conduct shocks the conscience and violated clearly established constitutional rights

### B.      SECOND CAUSE OF ACTION

**(42 U.S.C. § 1983 – Fabrication of Evidence)**
**Against RCPD, CHP, County Defendants, and DOES**

*Plaintiffs incorporate by reference all prior paragraphs as though fully set forth herein.*

110.    Defendants knowingly or recklessly created, altered, and ratified false evidence, including fabricated narratives of street racing, impossible factual assertions, mischaracterized witness statements, and unsupported vehicle modification allegations, which were relied upon in custodial, charging, and judicial decisions. The use of fabricated evidence violated Plaintiff's constitutional rights and caused substantial harm.

38

INSERT DOCUMENT TITLE

## C.    THIRD CAUSE OF ACTION

**(42 U.S.C. § 1983 – Suppression of Exculpatory Evidence / Brady-Type Violations)**
**Against All Investigative Defendants**

*Plaintiffs incorporate by reference all prior paragraphs as though fully set forth herein.*

111.    Defendants suppressed or failed to disclose material evidence favorable to Plaintiff, including contradictory video footage, EDR data, traffic conditions, witness inconsistencies, and medical and perceptual factors relevant to causation, in violation of due process.

## D.    FOURTH CAUSE OF ACTION

**(42 U.S.C. § 1983 – Unreasonable Search and Seizure)**
**Against RCPD and City of Redwood City**

*Plaintiffs incorporate by reference all prior paragraphs as though fully set forth herein.*

112.    Defendants executed a warrantless or unreasonable search through disproportionate, militarized, and punitive execution of a residential search warrant lacking necessity, exigency, or proportionality, in violation of the Fourth Amendment and California Constitution.

## E.    FIFTH CAUSE OF ACTION

**(Monell Liability – Policy, Practice, or Custom)**
**Against Municipal Defendants**

*Plaintiffs incorporate by reference all prior paragraphs as though fully set forth herein.*

113.    Defendants maintained policies, practices, customs, and failures to train or supervise that encouraged premature narrative adoption, confirmation bias, evidentiary distortion, and retaliation against nonconforming evidence, resulting in constitutional violations.

39

F.      SIXTH CAUSE OF ACTION

**(Violation of Juvenile Due Process Rights)**
**Against All Defendants**

*Plaintiffs incorporate by reference all prior paragraphs as though fully set forth herein.*

114.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 113 as though fully set forth herein.

115.    Defendants failed to afford Plaintiff the heightened procedural protections required in juvenile matters, including confidentiality, neutral investigation, proportionality, rehabilitative focus, and fair restitution procedures, resulting in unlawful deprivation of liberty and property.

116.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered an unlawful deprivation of liberty and property, including loss of freedom, imposition of excessive and punitive restitution, and continuing legal, financial, and reputational harm.

G.      SEVENTH CAUSE OF ACTION

**(Bane Act – Civil Code §52.1)**
**Against All Defendants**

*Plaintiffs incorporate by reference all prior paragraphs as though fully set forth herein.*

117.    Defendants interfered with Plaintiffs' constitutional rights through coercion, intimidation, fabrication, and abuse of authority, independent of any lawful objective.

H.      EIGHTH CAUSE OF ACTION

**(Negligence / Negligent Investigation – Pleaded in the Alternative)**
**Against Investigative Defendants**

*Plaintiffs incorporate by reference all prior paragraphs as though fully set forth herein.*

40

118. Defendants breached duties of care owed to Plaintiffs by conducting a biased, incomplete, and methodologically unsound investigation, causing foreseeable harm. This claim is pleaded in the alternative to constitutional claims.

I.      NINTH CAUSE OF ACTION

**(Violation of California Constitution, Art. I, §§ 7 & 13)**
**Against All Defendants**

119. Defendants deprived Plaintiffs of due process, privacy, and freedom from unreasonable searches and seizures under the California Constitution.

J.      TENTH CAUSE OF ACTION

**(Declaratory and Injunctive Relief)**
**Against All Defendants**

*Plaintiffs incorporate by reference all prior paragraphs as though fully set forth herein.*

120. Plaintiffs seek declaratory relief that Defendants' actions violated constitutional and statutory rights, and injunctive relief prohibiting continued reliance on false investigative materials and requiring correction of records.

**K.**      ELEVENTH CAUSE OF ACTION

**(Defamation)**
**Against All Defendants**

*Plaintiffs incorporate by reference all prior paragraphs as though fully set forth herein.*

121. Plaintiffs seek declaratory relief that Defendants' false and defamatory statements, including misrepresentations made by the District Attorney's Office and the Redwood City Police Department regarding Plaintiffs' conduct, vehicle modifications, and actions surrounding video evidence, constitute defamation and violate Plaintiffs' constitutional and statutory rights. Plaintiffs further seek injunctive relief requiring Defendants to cease and desist from making or

41

publishing false, defamatory statements about Plaintiffs, retract and correct any false statements, and implement reasonable procedures to ensure accuracy and fairness in future communications. Plaintiffs also seek compensatory damages for reputational harm, emotional distress, and other injuries sustained, as well as punitive damages against individual Defendants for their malicious and reckless conduct.

**VIII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants, and each of them, as follows:

a. For compensatory damages in an amount according to proof at trial, including but not limited to damages for loss of liberty, emotional distress, reputational harm, financial loss, and other injuries sustained as a result of Defendants' unlawful conduct;

b. For general and special damages as permitted by law;

c. For punitive and exemplary damages against the individual Defendants (but not against municipal or governmental entities), in an amount sufficient to punish and deter willful, malicious, oppressive, or reckless violations of Plaintiffs' constitutional rights, as permitted by law;

d. For declaratory relief declaring that Defendants' acts, omissions, investigative practices, and ratified conclusions, as alleged herein, violated Plaintiffs' rights under the United States Constitution and California law, and that Defendants' use, maintenance, and reliance upon false or materially misleading investigative findings is unlawful; and

e. For injunctive and equitable relief requiring Defendants to take appropriate corrective action, including but not limited to:

42

INSERT DOCUMENT TITLE

(i) ceasing the use, reliance upon, or dissemination of investigative findings that are false or materially misleading;

(ii) implementing reasonable procedures to ensure accuracy, neutrality, and correction of investigative records; and

(iii) adopting training, supervision, and compliance measures sufficient to prevent recurrence of the violations alleged herein;

f. For reasonable attorneys' fees and costs incurred in this action pursuant to 42 U.S.C. § 1988, California Civil Code § 52.1, and any other applicable provision of law;

g. For prejudgment and post-judgment interest as permitted by law;

h. For costs of suit incurred herein; and

i. For such other and further relief as the Court deems just, proper, and equitable;

## IX. JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable pursuant to Article I, Section 16 of the California Constitution, the Seventh Amendment to the United States Constitution, and applicable law.

## X. SEVERABILITY

If any claim, allegation, or theory of liability is held invalid or insufficient, such determination shall not affect the remaining claims or allegations, which shall remain in full force and effect.

43

DATED: 1/22/2026

CESAR MAXIMILIANO MORALES

Plaintiff, In Pro Per

ARNOLD ANTONIO MORALES

Plaintiff, In Pro Per

SUSANA ALVAREZ SALTO

Plaintiff, In Pro Per

44

INSERT DOCUMENT TITLE

# EXHIBIT 2

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C § 1441(A) WITH EXHIBITS 1-2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Cesar Maximiliano Morales, Susana Alvarez Salto, Arnold Antonio Morales, 1149 Adams Street, Redwood City California 9406. In Pro Per | |

TELEPHONE NO.: (650) 315-8742         FAX NO. :
EMAIL ADDRESS: arnold@ampartyrentals.com
ATTORNEY FOR *(Name):*

**FILED**
SAN MATEO COUNTY

JAN 22 2026

Clerk of the Superior Court
By_____
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO
 STREET ADDRESS: 400 County Center
 MAILING ADDRESS: 400 County Center
 CITY AND ZIP CODE: Redwood City, CA 94063
 BRANCH NAME: Superior Court of California, County of San Mateo Hall of Justice & Recor

CASE NAME:
 Morales et al. V.  State of California et. al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) | [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder | 26CIV00471 |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [ ] is  [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [ ] Large number of separately represented parties
 b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. [ ] Substantial amount of documentary evidence
 d. [ ] Large number of witnesses
 e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4.  Number of causes of action *(specify):* 11
5.  This case [ ] is  [x] is not    a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 01/16/2026
Arnold A. Morales
_____               ►_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

RECEIVED

JAN 2 2 2026

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

city of redwood city, redwood city police Department
county of san mateo, count san mateo county
District Attorney's office.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

cesar maximiliano morales
susana alvarez salto
Arnold antonio morales

| FOR COURT USE ONLY |
| --- |
| (SOLO PARA USO DE LA CORTE) |
| **FILED** |
| **SAN MATEO COUNTY** |
| **JAN 2 2 2026** |
| Clerk of the Superior Court |
| By_____ |
| DEPUTY CLERK |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| (El nombre y dirección de la corte es): San Mateo County Superior Court | (Número del Caso): |
| 400 County Center | **26CIV00471** |
| Redwood City, CA 94063-1655 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

| DATE: **JAN 2 2 2026** | CHAD L. PEACE Clerk, by | , Deputy |
| --- | --- | --- |
| (Fecha) | (Secretario) _____ | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

San mateo county Cooner/medical Examiner,
San mateo County private defender program,
State of california, california highway patroli and
Does 1-100, inclusive,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1st Floor, Room A
Redwood City, CA 94063
(650) 261-5100
www.sanmateo.courts.ca.gov

PETITIONER/PLAINTIFF:  **CESAR MAXIMILIANO MORALES; ARNOLD ANTONIO MORALES; SUSANA ALVAREZ SALTO**

RESPONDENT/DEFENDANT:  **CITY OF REDWOOD CITY; REDWOOD CITY POLICE DEPARTMENT; COUNTY OF SAN MATEO; SAN MATEO COUNTY DISTRICT ATTORNEY'S OFFICE; SAN MATEO COUNTY CORONER / MEDICAL EXAMINER; SAN MATEO COUNTY PRIVATE DEFENDER PROGRAM; STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL**

**NOTICE OF ASSIGNMENT FOR ALL PURPOSES (CIVIL) AND NOTICE OF CASE MANAGEMENT CONFERENCE**

FOR COURT USE ONLY

# FILED

SAN MATEO COUNTY

1/22/2026

**Clerk of the Superior Court**

/s/ Anthony Berini

DEPUTY CLERK

CASE NUMBER:
**26-CIV-00471**

By order of the Presiding Judge pursuant to San Mateo County Superior Court Local Rule 3.200(a) the above entitled matter is assigned for all purposes to: **Judge Nancy L. Fineman** in **Department 4**.

### An Initial Case Management Conference is set before the Case Management Judicial Officer (and not with the assigned Judge), as follows:
### DATE: 8/5/2026
### TIME: 9:00 AM
### LOCATION: 800 North Humboldt Street, San Mateo, CA 94401

REMOTE APPEARANCES ARE STRONGLY ENCOURAGED.  Please visit our website for information on remote appearances and use the Case Management Judicial Officer's Credentials:
https://www.sanmateo.courts.ca.gov/divisions/civil/civil-department-judges/civil-commissioner

ZOOM HEARING CREDENTIALS – CASE MANAGEMENT JUDICIAL OFFICER

Direct Zoom Link to Courtroom H can be found on the Case Management Judicial Officer's Webpage above.

**Dial in:**
Phone Number: +1 (669) 254-5252
Meeting ID: 161 510 6013
Password: 987732

CASE MANAGEMENT CONFERENCE INFORMATION

You are hereby given notice of your Initial Case Management Conference.  The date, time and department are noted above.

1.  In accordance with applicable California Rules of the Court and Local Rules, you are hereby ordered to:
    a)  Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 3.110(b); Local Rule 3.804).
    b)  Serve a copy of this Notice, blank form of the Case Management Statement and ADR Information Package on all named parties in this action (Local Rule 3.804(a)). Documents are available online under the CIVIL

Rev. November 2024

CMC Packet section at: www.sanmateo.courts.ca.gov/civil
   c) File and serve a completed Case Management Statement at least 15 days before the Case Management Conference (CRC 3.725; Local Rule 3.805(c)).  Failure to do so may result in monetary sanctions or the continuance of the CMC.
   d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference (Local Rule 3.805(b)).

2. Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a *Stipulation and Order to ADR* (Local Form ADR-CV-1). File and serve the completed *Stipulation and Order to* ADR form at least 12 days prior to the Case Management Conference (Local Rule 3.805(f)). You may find this form and information regarding the Civil ADR Program online at www.sanmateo.courts.ca.gov/adr/civil/

For additional information, you may visit the Judicial officer's webpage at: www.sanmateo.courts.ca.gov/civiljudges

---

ASSIGNED DEPARTMENT INFORMATION
To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial Officer's webpage at: www.sanmateo.courts.ca.gov/civiljudges.

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
| --- | --- | --- |
| Nancy L. Fineman | 650-261-5104 | Dept4@sanmateocourt.org |

For additional information, you may visit the Judicial officer's webpage at:
www.sanmateo.courts.ca.gov/civiljudges

---

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this court, or, if a physical mailing address is present below, by placing the document(s) in an envelope for collection and mailing, following the Court's ordinary business practices for collecting and processing correspondence for mailing. On the same day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Date:  1/22/2026                          Chad L Peace, Court Executive Officer/Clerk

                                    By:   /s/ Anthony Berini
                                          Anthony Berini, Deputy Clerk

**Copies served to:**

    CESAR MAXIMILIANO MORALES
    1149 ADAMS STREET
    REDWOOD CITY, CA 94061

    ARNOLD ANTONIO MORALES
    1149 ADAMS STREET
    REDWOOD CITY, CA 94061

Rev. November 2024

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Arnold Antonio Morales Plaintiff, In Pro Per<br>1149 Adams Street, Redwood City, CA 94061<br>Telephone: (650) 315-8742<br>Email: arnold@ampartyrentals.com | *FOR COURT USE ONLY*<br>**FILED**<br>SAN MATEO COUNTY<br>**MAR 2 5 2026**<br>Clerk of the Superior Court<br>By_____<br>DEPUTY CLERK |
|---|---|

TELEPHONE NO.: (650) 315-8742          FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* arnold@ampartyrentals.com
ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO**
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City , CA 94063
BRANCH NAME: Redwood City

| PLAINTIFF/PETITIONER: Cesar M. Morales, Arnold A. Morales, Susana A. Salto | CASE NUMBER:<br>26-CIV-00471 |
|---|---|
| DEFENDANT/RESPONDENT: County of San Mateo | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [x] summons
   b. [x] complaint
   c. [x] Alternative Dispute Resolution (ADR) package
   d. [x] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      County of San Mateo

   b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Mitri Hanania, Managing Attorney (Authorized Agent for County of San Mateo, Private Defender Program)

4. Address where the party was served:
   333 Bradford Street  Suite 200 California 94063

5. I served the party *(check proper box)*
   a. [x] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* March 23, 2026          (2) at *(time):* 2:39 pm

   b. [ ] **by substituted service.** On *(date):*          at *(time):*    .  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

POS-010

| | |
|---|---|
| PLAINTIFF/PETITIONER: Cesar M. Morales, Arnold A. Morales, Susana A. Salto<br>DEFENDANT/RESPONDENT: County of San Mateo | CASE NUMBER:<br>26-CIV-00471 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                    (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☒ On behalf of *(specify):* County of San Mateo

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☒ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name: Damian Guadalupe Salto

  b. Address: 875 O'neil Street , Belmont CA 94002

  c. Telephone number: (650) 779-8488

  d. **The fee** for service was: $ 0.00

  e. I am:

    (1) ☒ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

      (i) ☐ owner  ☐ employee  ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  **or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: March 23, 2026

_Damian Salto_ _____        ▶ _Damian Salto_ _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (SIGNATURE)

POS-010 [Rev. January 1, 2007]        **PROOF OF SERVICE OF SUMMONS**        Page 2 of 2

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Arnold Antonio Morales Plaintiff, In Pro Per<br>1149 Adams Street, Redwood City, CA 94061<br>Telephone: (650) 315-8742<br>Email: arnold@ampartyrentals.com<br><br>  TELEPHONE NO.: (650) 315-8742  FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* arnold@ampartyrentals.com<br>  ATTORNEY FOR *(Name):* | *FOR COURT USE ONLY*<br>**FILED**<br>SAN MATEO COUNTY<br>MAR 2 5 2026<br>Clerk of the Superior Court<br>By_____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City , CA 94063
BRANCH NAME: Redwood City

| | |
|---|---|
| PLAINTIFF/PETITIONER: Cesar M. Morales, Arnold A. Morales, Susana A. Salto<br>DEFENDANT/RESPONDENT: City of Redwood City | CASE NUMBER:<br>26-CIV-00471 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [x] summons
   b. [x] complaint
   c. [x] Alternative Dispute Resolution (ADR) package
   d. [x] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      City of Redwood City

   b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Celia Machuca, Admin Clerk (Authorized Agent for City of Redwood City)

4. Address where the party was served:
   1017 Middlefield Road, Redwood City, CA 94063

5. I served the party *(check proper box)*
   a. [x] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* March 23, 2026  (2) at *(time):* 11:38 am

   b. [ ] **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*  from *(city):*  or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

POS-010

| PLAINTIFF/PETITIONER: Cesar M. Morales, Arnold A. Morales, Susana A. Salto | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: City of Redwood City | 26-CIV-00471 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                          (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*


   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐ as an individual defendant.

   b. ☐ as the person sued under the fictitious name of *(specify):*

   c. ☐ as occupant.

   d. ☒ On behalf of *(specify):* On behalf of: City of Redwood City .

   under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☒ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☐ other: |

7. **Person who served papers**

   a. Name: Damian Guadalupe Salto

   b. Address: 875 O'neil Street , Belmont CA 94002

   c. Telephone number: (650) 779-8488

   d. **The fee** for service was: $ 0.00

   e. I am:

   (1) ☒ not a registered California process server.

   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

   (3) ☐ a registered California process server:

   (i) ☐ owner  ☐ employee  ☐ independent contractor.

   (ii) Registration No.:

   (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   **or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: March 23, 2026

Damian Salto

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _(signature)_  (SIGNATURE)

POS-010 [Rev. January 1, 2007]          **PROOF OF SERVICE OF SUMMONS**          Page 2 of 2

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Arnold Antonio Morales Plaintiff, In Pro Per<br>1149 Adams Street, Redwood City, CA 94061<br>Telephone: (650) 315-8742<br>Email: arnold@ampartyrentals.com<br><br>TELEPHONE NO.: (650) 315-8742        FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* arnold@ampartyrentals.com<br>ATTORNEY FOR *(Name):* | **FILED**<br>SAN MATEO COUNTY<br><br>MAR 2 5 2026<br><br>Clerk of the Superior Court<br>By_____<br>DEPUTY CLERK |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS: 400 County Center<br>CITY AND ZIP CODE: Redwood City , CA 94063<br>BRANCH NAME: Redwood City |
|---|

| PLAINTIFF/PETITIONER: Cesar M. Morales, Arnold A. Morales, Susana A. Salto<br>DEFENDANT/RESPONDENT: State of California | CASE NUMBER:<br>26-CIV-00471 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [X] summons

   b. [X] complaint

   c. [X] Alternative Dispute Resolution (ADR) package

   d. [X] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      State of California

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Madelyn Cisneros    (Authorized Agent for California Highway Patrol)

4. Address where the party was served:
   601 North 7th Street, Sacramento, CA 95811

5. I served the party *(check proper box)*

   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* March 20, 2026        (2) at *(time):* 4:23 pm

   b. [ ] **by substituted service.** On *(date):*              at *(time):*              I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*              from *(city):*              or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

**POS-010**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Cesar M. Morales, Arnold A. Morales, Susana A. Salto<br>DEFENDANT/RESPONDENT: State of California | CASE NUMBER:<br>26-CIV-00471 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                                    (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐ as an individual defendant.

   b. ☐ as the person sued under the fictitious name of *(specify):*

   c. ☐ as occupant.

   d. ☒ On behalf of *(specify):* State of California

   under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☒ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☐ other: |

7.  **Person who served papers**

   a. Name: Damian Guadalupe Salto

   b. Address: 875 O'neil Street , Belmont CA 94002

   c. Telephone number: (650) 779-8488

   d. **The fee** for service was: $ 0.00

   e. I am:

   (1) ☒ not a registered California process server.

   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

   (3) ☐ a registered California process server:

   (i) ☐ owner ☐ employee ☐ independent contractor.

   (ii) Registration No.:

   (iii) County:

8.  ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   **or**

9.  ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: March 20, 2026

_Damian Salto_

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _[signature]_

(SIGNATURE)

POS-010 [Rev. January 1, 2007]    **PROOF OF SERVICE OF SUMMONS**    Page 2 of 2

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Arnold Antonio Morales Plaintiff, In Pro Per<br>1149 Adams Street, Redwood City, CA 94061<br>Telephone: (650) 315-8742<br>Email: arnold@ampartyrentals.com<br><br>TELEPHONE NO.: (650) 315-8742         FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* arnold@ampartyrentals.com<br>ATTORNEY FOR *(Name):* | **FOR COURT USE ONLY**<br><br>**FILED**<br>SAN MATEO COUNTY<br><br>MAR 2 5 2026<br><br>Clerk of the Superior Court<br>By_____<br>DEPUTY CLERK |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS: 400 County Center<br>CITY AND ZIP CODE: Redwood City , CA 94063<br>BRANCH NAME: Redwood City |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Cesar M. Morales, Arnold A. Morales, Susana A. Salto<br>DEFENDANT/RESPONDENT: County of San Mateo | CASE NUMBER:<br>26-CIV-00471 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☒ summons

   b. ☒ complaint

   c. ☒ Alternative Dispute Resolution (ADR) package

   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
   County of San Mateo

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Victoria Yoon, Office Services Manager (Authorized Agent for County of San Mateo, District Attorney's Office)

4. Address where the party was served:
   400 County Center, Redwood City, CA 94063

5. I served the party *(check proper box)*

   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):* March 23, 2026         (2) at *(time):* 11:59 am

   b. ☐ **by substituted service.** On *(date):*                at *(time):*           I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*           from *(city):*                    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

POS-010

| | |
|---|---|
| PLAINTIFF/PETITIONER: Cesar M. Morales, Arnold A. Morales, Susana A. Salto<br>DEFENDANT/RESPONDENT: County of San Mateo | CASE NUMBER:<br>26-CIV-00471 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                              (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify):* County of San Mateo

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)              ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)

    ☒ 416.50 (public entity)             ☐ 415.46 (occupant)

                                 ☐ other:

7. **Person who served papers**

a. Name: Damian Guadalupe Salto

b. Address: 875 O'neil Street , Belmont CA 94002

c. Telephone number: (650) 779-8488

d. **The fee** for service was: $ 0.00

e. I am:

    (1) ☒ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

        (i) ☐ owner   ☐ employee   ☐ independent contractor.

        (ii) Registration No.:

        (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: March 19, 2026

Damian Salto

  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                       (SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Arnold Antonio Morales Plaintiff, In Pro Per<br>1149 Adams Street, Redwood City, CA 94061<br>Telephone: (650) 315-8742<br>Email: arnold@ampartyrentals.com<br><br>TELEPHONE NO.: (650) 315-8742     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): arnold@ampartyrentals.com<br>ATTORNEY FOR (Name): | **FILED**<br>SAN MATEO COUNTY<br><br>MAR 25 2026<br><br>Clerk of the Superior Court<br>By_____<br>DEPUTY CLERK |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City , CA 94063
BRANCH NAME: Redwood City

| PLAINTIFF/PETITIONER: Cesar M. Morales, Arnold A. Morales, Susana A. Salto | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California | 26-CIV-00471 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [x] summons

   b. [x] complaint

   c. [x] Alternative Dispute Resolution (ADR) package

   d. [x] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      State of California

   b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
          under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
          Sophie Lu (Badge #22244), Authorized Agent for California Highway Patrol

4. Address where the party was served:
   355 Convention Way, Redwood City, CA 94063

5. I served the party *(check proper box)*

   a. [x] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
          receive service of process for the party   (1) on *(date):* March 23, 2026     (2) at *(time):* 4:25 pm

   b. [ ] **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or
          in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
              of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
              place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
              address of the person to be served, other than a United States Postal Service post office box. I informed
              him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
              at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
              *(date):*          from *(city):*          or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]     **PROOF OF SERVICE OF SUMMONS**     Code of Civil Procedure, § 417.10

POS-010

| PLAINTIFF/PETITIONER: Cesar M. Morales, Arnold A. Morales, Susana A. Salto | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: State of California | 26-CIV-00471 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:              (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☒ On behalf of *(specify):* State of California

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☒ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name: Damian Guadalupe Salto

  b. Address: 875 O'neil Street , Belmont CA 94002

  c. Telephone number: (650) 779-8488

  d. **The fee** for service was: $ 0.00

  e. I am:

    (1) ☒ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

      (i) ☐ owner ☐ employee ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  **or**

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 23, 2026

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

POS-010 [Rev. January 1, 2007]       **PROOF OF SERVICE OF SUMMONS**       Page 2 of 2

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Arnold Antonio Morales Plaintiff, In Pro Per<br>1149 Adams Street, Redwood City, CA 94061<br>Telephone: (650) 315-8742<br>Email: arnold@ampartyrentals.com<br><br>TELEPHONE NO.: (650) 315-8742        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): arnold@ampartyrentals.com<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY<br><br>**FILED**<br>SAN MATEO COUNTY<br><br>MAR 2 5 2026<br><br>Clerk of the Superior Court<br>By_____<br>DEPUTY CLERK |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City , CA 94063
BRANCH NAME: Redwood City

| PLAINTIFF/PETITIONER: Cesar M. Morales, Arnold A. Morales, Susana A. Salto<br>DEFENDANT/RESPONDENT: State of California | CASE NUMBER:<br>26-CIV-00471 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      State of California

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      B. Mazon (Badge #7), (Authorized Agent for Office of the California Attorney General)

4. Address where the party was served:
   1300 I Street Sacramento, CA 95814

5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* March 20, 2026        (2) at *(time):* 4:05 pm

   b. [ ] **by substituted service.** On *(date):*                at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1)[ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2)[ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3)[ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4)[ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or[ ] a declaration of mailing is attached.

      (5)[ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

POS-010

| | |
|---|---|
| PLAINTIFF/PETITIONER: Cesar M. Morales, Arnold A. Morales, Susana A. Salto<br>DEFENDANT/RESPONDENT: State of California | CASE NUMBER:<br>26-CIV-00471 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☒ On behalf of *(specify):* State of California

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

    ☒ 416.50 (public entity)              ☐ 415.46 (occupant)

                                ☐ other:

7. **Person who served papers**

  a. Name: Damian Guadalupe Salto

  b. Address: 875 O'neil Street , Belmont CA 94002

  c. Telephone number: (650) 779-8488

  d. **The fee** for service was: $ 0.00

  e. I am:

    (1) ☒ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

      (i) ☐ owner   ☐ employee   ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: March 20, 2026

Damian Salto

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)       ▶ *(signature)*     (SIGNATURE)

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Arnold Antonio Morales Plaintiff, In Pro Per
1149 Adams Street, Redwood City, CA 94061
Telephone: (650) 315-8742
Email: arnold@ampartyrentals.com

TELEPHONE NO.: (650) 315-8742         FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* arnold@ampartyrentals.com
ATTORNEY FOR *(Name):*

FOR COURT USE ONLY

**FILED**
SAN MATEO COUNTY

MAR 2 5 2026

By_____
Clerk of the Superior Court
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City , CA 94063
BRANCH NAME: Redwood City

PLAINTIFF/PETITIONER: Cesar M. Morales, Arnold A. Morales, Susana A. Salto
DEFENDANT/RESPONDENT: City of Redwood City

CASE NUMBER:
26-CIV-00471

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [x] summons
   b. [x] complaint
   c. [x] Alternative Dispute Resolution (ADR) package
   d. [x] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      City of Redwood City

   b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Priscilla (Badge #1181), (Authorized Agent for Redwood City Police Department)

4. Address where the party was served:
   1301 Maple Street, Redwood City, California, 94063

5. I served the party *(check proper box)*
   a. [x] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):* March 23, 2026         (2) at *(time):* 12:40 pm

   b. [ ] **by substituted service.** On *(date):*                at *(time):*              I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*              from *(city):*              or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS-010

| PLAINTIFF/PETITIONER: Cesar M. Morales, Arnold A. Morales, Susana A. Salto | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: City of Redwood City | 26-CIV-00471 |

5.  c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                    (2) from *(city):*

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)

    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

[ ] Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a. [ ] as an individual defendant.

  b. [ ] as the person sued under the fictitious name of *(specify):*

  c. [ ] as occupant.

  d. [x] On behalf of *(specify):* City of Redwood City

    under the following Code of Civil Procedure section:

    [ ] 416.10 (corporation)                [ ] 415.95 (business organization, form unknown)

    [ ] 416.20 (defunct corporation)          [ ] 416.60 (minor)

    [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)

    [ ] 416.40 (association or partnership)    [ ] 416.90 (authorized person)

    [x] 416.50 (public entity)               [ ] 415.46 (occupant)

                                      [ ] other:

7.  **Person who served papers**

  a. Name: Damian Guadalupe Salto

  b. Address: 875 O'neil Street , Belmont CA 94002

  c. Telephone number: (650) 779-8488

  d. **The fee** for service was: $ 0.00

  e. I am:

    (1) [x] not a registered California process server.

    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).

    (3) [ ] a registered California process server:

      (i) [ ] owner  [ ] employee  [ ] independent contractor.

      (ii) Registration No.:

      (iii) County:

8.  [x] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9.  [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 23, 2026

Damian Salto

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ (SIGNATURE)

POS-010 [Rev. January 1, 2007]    **PROOF OF SERVICE OF SUMMONS**    Page 2 of 2

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Arnold Antonio Morales Plaintiff, In Pro Per<br>1149 Adams Street, Redwood City, CA 94061<br>Telephone: (650) 315-8742<br>Email: arnold@ampartyrentals.com<br><br>TELEPHONE NO.: (650) 315-8742    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* arnold@ampartyrentals.com<br>ATTORNEY FOR *(Name):* | **FILED**<br>SAN MATEO COUNTY<br><br>MAR 2 5 2026<br><br>Clerk of the Superior Court<br>By_____<br>DEPUTY CLERK |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO |
|---|
| STREET ADDRESS: 400 County Center |
| MAILING ADDRESS: 400 County Center |
| CITY AND ZIP CODE: Redwood City , CA 94063 |
| BRANCH NAME: Redwood City |

| PLAINTIFF/PETITIONER: Cesar M. Morales, Arnold A. Morales, Susana A. Salto | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: County of San Mateo | 26-CIV-00471 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [x] summons
   b. [x] complaint
   c. [x] Alternative Dispute Resolution (ADR) package
   d. [x] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      County of San Mateo

   b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Christy Canclini, Executive Assistant (Authorized Agent for County of San Mateo, Coroner/Examiner's Office)

4. Address where the party was served:
   225 37th Avenue, 3rd Floor # A31   San Mateo CA 94403

5. I served the party *(check proper box)*
   a. [x] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):* March 23, 2026      (2) at *(time):* 1:28 pm

   b. [ ] **by substituted service.** On *(date):*           at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
      *(date):*           from *(city):*           or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

POS-010

| PLAINTIFF/PETITIONER: Cesar M. Morales, Arnold A. Morales, Susana A. Salto | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: County of San Mateo | 26-CIV-00471 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                              (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*


   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐ as an individual defendant.

   b. ☐ as the person sued under the fictitious name of *(specify):*

   c. ☐ as occupant.

   d. ☒ On behalf of *(specify):* County of San Mateo
      under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
   ☒ 416.50 (public entity)                  ☐ 415.46 (occupant)
                                             ☐ other:

7. **Person who served papers**

   a. Name: Damian Guadalupe Salto

   b. Address: 875 O'neil Street , Belmont CA 94002

   c. Telephone number: (650) 779-8488

   d. **The fee** for service was: $ 0.00

   e. I am:

      (1) ☒ not a registered California process server.

      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

      (3) ☐ a registered California process server:

         (i) ☐ owner  ☐ employee  ☐ independent contractor.

         (ii) Registration No.:

         (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   **or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: March 23, 2026

Damian Salto

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

POS-010 [Rev. January 1, 2007]          **PROOF OF SERVICE OF SUMMONS**          Page 2 of 2

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Arnold Antonio Morales Plaintiff, In Pro Per<br>1149 Adams Street, Redwood City, CA 94061<br>Telephone: (650) 315-8742<br>Email: arnold@ampartyrentals.com<br><br>TELEPHONE NO.: (650) 315-8742   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: arnold@ampartyrentals.com<br>ATTORNEY FOR *(Name)*: | **FILED**<br>SAN MATEO COUNTY<br><br>MAR 2 5 2026<br><br>Clerk of the Superior Court<br>By_____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City , CA 94063
BRANCH NAME: Redwood City

| PLAINTIFF/PETITIONER: Cesar M. Morales, Arnold A. Morales, Susana A. Salto<br>DEFENDANT/RESPONDENT: County of San Mateo | CASE NUMBER:<br>26-CIV-00471 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents)*:

3. a. Party served *(specify name of party as shown on documents served)*:
      County of San Mateo

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      Fresia Limin, Public Service Specialist (Authorized Agent for County of San Mateo)

4. Address where the party was served:
   400 County Center, Redwood City, CA 94063

5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date)*: March 23, 2026        (2) at *(time)*: 11:55 am

   b. [ ] **by substituted service.** On *(date)*:           at *(time)*:           I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:           from *(city)*:           or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

**POS-010**

| PLAINTIFF/PETITIONER: Cesar M. Morales, Arnold A. Morales, Susana A. Salto | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: County of San Mateo | 26-CIV-00471 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date):                (2) from (city):

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☒ On behalf of *(specify):* County of San Mateo
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☒ 416.50 (public entity)    ☐ 415.46 (occupant)
                        ☐ other:

7. **Person who served papers**

  a. Name: Damian Guadalupe Salto

  b. Address: 875 O'neil Street , Belmont CA 94002

  c. Telephone number: (650) 779-8488

  d. **The fee** for service was: $ 0.00

  e. I am:

    (1) ☒ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

      (i) ☐ owner  ☐ employee  ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: March 23, 2026

*Damian Salto*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *[signature]*
(SIGNATURE)

POS-010 [Rev. January 1, 2007]    **PROOF OF SERVICE OF SUMMONS**    **Page 2 of 2**