UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR MAXIMILIANO MORALES, et al., <br><br>              Plaintiffs, <br><br>        v. <br><br> CITY OF REDWOOD CITY, et al., <br><br>              Defendants. | Case No.  26-cv-03377-JSC <br><br> **ORDER RE: MOTIONS TO DISMISS AND FOR LEAVE TO FILE AMENDED COMPLAINT** <br><br> Re: Dkt. Nos. 4, 6, 13 |

Cesar Maximiliano Morales ("Mr. Morales"), and his parents Arnold Antonio Morales and Susana Alvarez Salto ("Morales Parents"), sue Redwood City, Redwood City Police Department ("RCPD"), San Mateo County, the San Mateo County District Attorney's Office, the San Mateo County Coroner / Medical Examiner, the San Mateo County Private Defender Program, California, and the California Highway Patrol ("CHP") for civil rights violations.  (Dkt. No. 1 at 6-50.)[1]  Pending before the Court are Redwood City's and San Mateo County's motions to dismiss, (Dkt. Nos. 4, 6), and Plaintiffs' motion for leave to file an amended complaint, (Dkt. No. 13).  Having carefully considered the parties' submissions, the Court GRANTS the motions to dismiss.

As currently pled, Plaintiffs' First, Second, and Third Causes of Action are barred by *Heck v. Humphrey*, 512 U.S. 477 (1984).  The Court dismisses Plaintiffs' Fourth Cause of Action because Plaintiffs fail to state a claim for unreasonable search and seizure, and Plaintiffs' Fifth Cause of Action because Plaintiffs fail to state a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  The Court also dismisses Plaintiffs' Sixth Cause of Action for

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

violation of juvenile due process rights because Plaintiffs do not have a cause of action directly under the Constitution. And Plaintiffs' Tenth Cause of Action fails because declaratory and injunctive relief are remedies, not causes of action. Finally, because Plaintiffs have not plausibly alleged any federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.

**BACKGROUND**

**I.      COMPLAINT ALLEGATIONS**

On November 4, 2022, Mr. Morales, a juvenile, was driving along El Camino Real when "a traffic collision occurred" involving his vehicle and a decedent, "resulting in fatalities and serious injuries to all except the two minor passengers in the decedent's vehicle." (Dkt. No. 1 at 13-14.) Fifteen minutes after Cesar Morales "was extricated from the burning vehicle, a responding officer prematurely characterized the incident as a potential street-racing event and a criminal collision involving fatalities." (*Id.* at 15.)

"From that point forward, Defendants, acting individually and in concert, suppressed, withheld, mischaracterized, or failed to disclose material exculpatory and impeachment evidence, in violation of [Cesar Morales's] due process rights." (*Id.*) RCPD mishandled its investigation into the incident, including by failing to consider, misrepresenting or selectively presenting, losing, and fabricating evidence. (*Id.* at 16-24.) RCPD also used disproportionate force in executing a residential search warrant and selectively seized evidence. (*Id.* at 19-20.) CHP insufficiently conducted its investigation, including by accepting RCPD's predetermined narrative without independent investigation and failing to correct evidence. (*Id.* at 24-29.)

The San Mateo District Attorney's Office charged Plaintiff with "second-degree murder despite the absence of evidence" and although they "knew or should have known that the investigating law-enforcement agency had identified vehicular manslaughter, not murder, as the appropriate offense," and then improperly used that charge to transfer Mr. Morales from juvenile court to adult criminal jurisdiction. (*Id.* at 29-30.) The District Attorney's Office also improperly blamed Mr. Morales's parents and misrepresented evidence. (*Id.* at 30-34.) The San Mateo County Probation Department was deprived of an opportunity to meaningly conduct its review

2

which prejudiced Mr. Morales. (*Id.* at 34-35.) And the San Mateo County Coroner's Office failed to preserve, collect, reliably assess, and communicate evidence. (*Id.* at 35-38.)

## II.    PROCEDURAL HISTORY

On January 22, 2026, Plaintiffs sued Defendants in San Mateo County Superior Court and alleged:

(1) Violations of procedural due process by all Defendants, 42 U.S.C. § 1983;

(2) Fabrication of evidence by RCPD, CHP, and County Defendants, 42 U.S.C. § 1983;

(3) Suppression of exculpatory evidence by Investigative Defendants, 42 U.S.C. § 1983;

(4) Unreasonable search and seizure by RCPD and Redwood City, 42 U.S.C. § 1983;

(5) *Monell* violations by Municipal Defendants, 42 U.S.C. § 1983;

(6) Violations of juvenile due process rights by all Defendants;

(7) Violations of the Bane Act, Cal. Civ. Code § 52.1, by all Defendants;

(8) Negligence by Investigative Defendants;

(9) Violations of California Constitution article 1, §§ 7 and 13 by all Defendants;

(10)    Declaratory and injunctive relief against all Defendants; and

(11)    Defamation by all Defendants.

(Dkt. No. 1 at 6-50.) San Mateo County removed the lawsuit to this Court, and the remaining Defendants joined in the removal. (*Id.* at 1-4; Dkt. Nos. 1-2, 1-3, 1-4.) Redwood City then moved to dismiss on behalf of itself and on behalf of erroneously-sued RCPD, (Dkt. No. 4), and San Mateo County moved to dismiss on behalf of itself and on behalf of erroneously-sued San Mateo County District Attorney's Office and San Mateo County Coroner / Medical Examiner, (Dkt. No. 6). Plaintiffs subsequently voluntarily dismissed their claims against San Mateo County Private Defender Program, (Dkt. No. 12), and moved for leave to file an amended complaint, (Dkt. No. 13).

DISCUSSION

## I.    PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Although "a party may amend its pleading only with the opposing party's written consent or the court's leave," courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "the district court may exercise its discretion to deny leave to amend due to . . . futility of amendment." *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir.

United States District Court
Northern District of California

3

2010) (quotation marks and citations omitted).  Pursuant to the Local Rules, any party "moving to file an amended pleading must reproduce the entire proposed pleading" in their motion.  *See* N.D. Cal. Civ. L.R. 10-1.

Plaintiffs move for leave to file an amended complaint "to clarify their allegations, address issues raised in the Motions to Dismiss, and present their claims in a more organized form."  (Dkt. No. 13 at 3.)  Because Plaintiffs do not include the proposed amended complaint, *see* N.D. Cal. Civ. L.R. 10-1, or otherwise explain how their amended complaint would avoid the flaws later described in this Order, the Court DENIES Plaintiff's motion.  However, for the reasons explained below, the Court grants Plaintiffs leave to file an amended complaint which complies with this Order.

## II.    REQUESTS FOR JUDICIAL NOTICE

While district courts generally "may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)," the incorporation-by-reference doctrine and judicial notice are two exceptions to this rule.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  "Judicial notice . . . permits courts to notice an adjudicative fact if it is 'not subject to reasonable dispute,'" meaning the fact is "'generally known', or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'"  *Id.* at 999 (quoting Fed. R. Evid. 201).  "[W]hen a court takes judicial notice, . . . it may do so not for the truth of the facts recited therein, but for the existence of the [record], which is not subject to reasonable dispute over its authenticity."  *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (cleaned up), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Redwood City asks the Court to take judicial notice of Mr. Morales's written claim, filed on July 16, 2022 pursuant to the Government Claims Act, Cal. Gov't Code § 911.2.  (Dkt. Nos. 4-1, 4-2.)  The Court GRANTS Redwood City's request for judicial notice because Mr. Morales's "pre-lawsuit claims are matters of public record whose accuracy cannot reasonably be questioned."  *See Varo v. Los Angeles Cnty. Dist. Attorney's Off.*, 473 F. Supp. 3d 1066, 1070-71 (C.D. Cal. 2019) (granting request for judicial notice of the plaintiffs' government claims filed as a

prerequisite to filing suit).

San Mateo County asks the Court to take judicial notice of a log of government claims received by the Clerk of the San Mateo County Board of Supervisors between January 1, 2025 and April 29, 2026.  (Dkt. Nos. 6-2, 6-3.)  However, although courts may take judicial notice of "matters of public record" because "they [] are readily verifiable," *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006), San Mateo County does not argue the claims log is public.  Instead, San Mateo County argues the log is judicially noticeable because it "is ascertainable and reliable, as it is a record made and kept in the course of regularly-conducted activity of the County."  (Dkt. No. 6-3 at 2.)  Because San Mateo County does not cite any cases supporting its reasoning, the Court DENIES San Mateo County's request for judicial notice.

## III.   DEFENDANTS' MOTIONS TO DISMISS

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). While the Rule 8 pleading standard does not require "detailed factual allegations," "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  On a motion to dismiss, the court "must take all of the factual allegations in the complaint as true."  *Id.*  However, this presumption does not apply to "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.*  Ultimately, to avoid dismissal, a complaint must "contain sufficient factual matter" to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining a complaint must allege "enough facts to state a claim to relief that is plausible on its face").  When a plaintiff files a complaint without representation by a lawyer, the Court must "construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quotation marks and citation omitted).

### A.   Section 1983 Claims (Causes of Action 1, 2, 3, 4, and 5)

#### 1.   Statute of Limitations

The statute of limitations for a section 1983 claim is two years.  *See Action Apartment*

*Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007) ("It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims, . . . and in California, that limitations period is two years." (citations omitted)). "Generally, the statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury." *Id.* at 1026-27 (quotation marks and citation omitted).

However, the statute of limitations is an affirmative defense which a defendant must prove. *See California Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1406 (9th Cir. 1995). So, "[a] claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute [of limitations] is apparent on the face of the complaint.'" *United States ex re. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (citation omitted); *see also Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("[P]laintiffs ordinarily need not 'plead on the subject of an anticipated affirmative defense.' When an affirmative defense is obvious on the face of a complaint, however, a defendant can raise that defense in a motion to dismiss." (citations omitted)).

Defendants move to dismiss Plaintiffs' section 1983 claims as time-barred because Plaintiffs allege the vehicle collision occurred on November 4, 2022, but Plaintiffs did not sue until January 22, 2026. However, Plaintiffs' claims are based not on the vehicle collision, but on Defendants' alleged misconduct while subsequently investigating and prosecuting that collision. And when that misconduct occurred is not "apparent on the face of the complaint." *See Pre Con Indus.*, 720 F.3d at 1178. So, Defendants have not shown Plaintiffs' complaint is untimely, and the statute of limitations is not grounds for dismissing the Section 1983 claims.

### 2.    Improper Defendants

"Section 1983 applies to the actions of 'persons' acting under color of state law," and a "local government unit or municipality can be sued as a 'person' under section 1983." *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). However, because a government agency or intergovernmental association is not a municipality or local government entity, it is "only subject to suit if the parties that created [it] intended to create a separate legal entity." *Id.* at 792 (citations omitted) (holding the Tahoma

United States District Court
Northern District of California

United States District Court
Northern District of California

Narcotics Enforcement Team was not a separate legal entity). Whether the parties that created a state agency or intergovernmental association intended to create a separate legal entity is a question of state law. *See Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (explaining while at the district court "Arizona law was unsettled on this issue," but because "the Arizona Court of Appeals [later] clarified that [the agency] is, in fact, a non-jural entity," the agency "has improperly been named as a party in this action").

Redwood City argues RCPD is an improper defendant because it is not a separate legal entity, and San Mateo County argues the same is true for the District Attorney's Office and Coroner / Medical Examiner. However, neither Defendant cites any law showing RCPD, the San Mateo District Attorney's Office, and the San Mateo County Coroner / Medical Examiner are not separate legal entities as a matter of California law. *See Torres v. Saba*, No. 17-CV-06587-SI, 2019 WL 111039, at *9 (N.D. Cal. Jan. 4, 2019), *aff'd*, 816 F. App'x 143 (9th Cir. 2020) (holding because "Defendants have not cited to any state law that explains" the entity's legal status or "capacity to sue or be sued," "this court cannot say at the Rule 12(b)(6) stage whether or not [it] is a separate legal entity capable of being sued"); *cf. Goodfellow v. Ahren*, No. 13-04726 RS, 2014 WL 1248238, at *4 (N.D. Cal. Mar. 26, 2014) ("[P]olice departments, are not generally considered 'persons.'" (citing *Estes*, 65 F.3d at 791; *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (holding the Santa Clara Department of Corrections is not a proper defendant)); *Est. of Beitz v. Riverside Police Dep't*, No. 5:24-CV-02084-SSS-JPRX, 2025 WL 2994574, at *3 (C.D. Cal. Sept. 30, 2025) ("[D]istrict courts have generally concluded that police departments are not subject to suit under § 1983." (citing *Goodfellow*, 2014 WL 1248238, at *4)).

Because the cases Defendants cite do not resolve whether the entities at issue can be sued, the Court does not grant Defendants' motions to dismiss them as improper defendants.

### 3. *Heck v. Humphrey* (Causes of Action 1, 2, and 3)

When a plaintiff "seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487

(1994). A claim may "necessarily imply the invalidity of [a] conviction" based on its elements. *See id.* at 484-87 (malicious prosecution claim barred because an element required the prosecution to end in plaintiff's favor).

Pursuant to *Heck*, Defendants move to dismiss Plaintiffs' claims because they "necessarily imply the invalidity of his conviction or sentence," but Plaintiffs have not alleged Mr. Morales's "conviction or sentence has already been invalidated." *See id.* at 487. "[T]he *Heck* rule . . . is called into play only when there exists 'a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Wallace v. Kato*, 549 U.S. 384, 393 (2007) (quoting *Heck*, 512 U.S. at 487); *see also Martinez v. Cnty. of Santa Clara*, No. 16-CV-05626-LHK, 2017 WL 2180985, at *3 (N.D. Cal. May 18, 2017) ("*Heck* does not require dismissal of claims that would impugn an anticipated future conviction . . . [or] if [a] plaintiff has only been arrested or charged, not convicted." (cleaned up)).

But, Plaintiffs' complaint does not allege Mr. Morales was ever convicted or sentenced in the first place. Plaintiffs allege only the San Mateo County District Attorney's office improperly charged Mr. Morales "with second-degree murder," and Mr. Morales faced "harsh[] detention conditions," and other "deprivation[s] of liberty." (Dkt. No. 1 at 10, 29, 30.) And although Plaintiffs' opposition brief indicates a January 16, 2025 Juvenile Court Minute Order "reflect[s] that the final sentence/disposition listed . . . vehicular manslaughter," and "[t]he murder counts . . . were not listed as sustained or sentenced," (Dkt. No. 16 at 10-11), such facts are nowhere in Plaintiffs' complaint. Absent complaint allegations or judicially noticeable evidence of Mr. Morales's conviction or sentence, the Court cannot dismiss Plaintiffs' claims as barred by *Heck*.

**4.    Fabrication of Evidence Claim (Cause of Action 2)**

There is a "constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (citations omitted); *see also Caldwell v. City & Cnty. of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018) ("A § 1983 plaintiff need not be convicted on the basis of the fabricated evidence to have suffered a deprivation of liberty—being criminally charged is enough." (cleaned up)). "To [state] a § 1983 claim of deliberate fabrication, a plaintiff

8

must [allege] that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (citation omitted).  A plaintiff can allege the first prong through either direct evidence the defendant official deliberately fabricated evidence, or through allegations "(1) Defendants continued their investigation of [the plaintiff] despite the fact that they knew or should have known that he was innocent; and (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." *Id.* at 799 (quoting *Devereaux*, 263 F.3d at 1076).

Plaintiffs' Second Cause of Action alleges "Defendants knowingly or recklessly created, altered, and ratified false evidence, including fabricated narratives of street racing, impossible factual assertions, mischaracterized witness statements, and unsupported vehicle modification allegations, which were relied upon in custodial, charging, and judicial decisions . . . and caused substantial harm." (Dkt. No. 1 at 44.)  However, although Plaintiffs allege Mr. Morales suffered "substantial harm" and "deprivation of liberty," (*id.* at 10, 44), Plaintiffs do not allege any facts regarding what that harm or deprivation of liberty entailed.  Absent such facts, Plaintiffs cannot plausibly allege a defendant official's deliberate fabrication of evidence caused a deprivation of liberty.  *See Iqbal*, 556 U.S. at 678 (explaining "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements" are insufficient).

For example, although Plaintiffs allege "the Deputy District Attorney presented disputed and untested allegations as established fact, including assertions of street racing" at a December 2022 detention hearing, which "improperly influenced the court[]," (Dkt. No. 1 at 32), Plaintiffs do not allege how the Deputy District Attorney's presentation influenced the court and what deprivation of liberty resulted.  Furthermore, although Plaintiffs allege the District Attorney's Office charged Mr. Morales "contrary to the investigative record," (Dkt. No. 1 at 29-30), Plaintiffs do not allege what deliberately fabricated evidence caused Plaintiffs to be charged.  So, the Court dismisses Plaintiffs' Second Cause of Action because Plaintiffs have not alleged facts supporting a plausible inference a defendant official's deliberate fabrication of evidence caused Plaintiffs a deprivation of liberty.

The Court grants Plaintiffs leave to amend their deliberate fabrication claim.  However, to the extent the deprivation of liberty caused by Defendants' fabrication of evidence is a conviction or sentence, the claim is likely barred by *Heck*.  *See McDonough v. Smith*, 588 U.S. 109, 116-17 (2019) (holding fabricated-evidence claim was analogous to malicious prosecution claim at issue in *Heck* because, "[a]t bottom, both claims challenge the integrity of criminal prosecutions undertaken pursuant to legal process" (quotation marks and citation omitted)); *see also Bagley v. City of Sunnyvale*, No. 16-CV-02250-JSC, 2017 WL 3021030, at *2 (N.D. Cal. July 17, 2017) (indicating falsification of evidence claim may be barred by *Heck*).  So, Plaintiffs may amend their deliberate fabrication claim to the extent they can do so in good faith in light of the potential *Heck* bar.

### 5.    *Brady* Claim (Cause of Action 3)

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  To state a *Brady* claim, "the plaintiff must allege that (1) the withheld evidence was favorable either because it was exculpatory or could be used to impeach, (2) the evidence was suppressed by the government, and (3) the nondisclosure prejudiced the plaintiff." *Gantt v. City of Los Angeles*, 717 F.3d 702, 709 (9th Cir. 2013) (quotation marks and citation omitted).  "Prejudice occurs if the evidence is material," and "[e]vidence is material if there is a reasonable probability that, had it been disclosed to the defense, the outcome of the trial would have been different." *Hovey v. Ayers*, 458 F.3d 892, 916 (9th Cir. 2006) (cleaned up); *see also Puccetti v. Spencer*, 476 F. App'x 658, 660 (9th Cir. 2011) (affirming the district court's holding "because the plaintiff's criminal charges were dismissed, the plaintiffs cannot show that any suppressed evidence could have produced a different result at trial").

Plaintiffs' Third Cause of Action, for "Suppression of Exculpatory Evidence / Brady-Type Violations," alleges "Defendants suppressed or failed to disclose material evidence favorable to Plaintiff, including contradictory video footage, EDR data, traffic conditions, witness inconsistencies, and medical and perceptual factors relevant to causation, in violation of due

process." (Dkt. No. 1 at 45.) However, Plaintiffs do not allege any facts about how Defendants' suppression or nondisclosure of evidence "prejudiced" them. *See Gantt*, 717 F.3d at 709. Suppression of exculpatory evidence may prejudice a plaintiff if it changed the outcome of a criminal trial, *see Hovey*, 458 F.3d at 916, or "[led] to the lengthy detention of an innocent man," *see Tatum v. Moody*, 768 F.3d 806, 816 (9th Cir. 2014). However, because Plaintiffs do not allege any facts supporting a reasonable inference Defendants' suppression of evidence prejudiced them, Plaintiffs fail to state a *Brady* claim. So, the Court dismisses Plaintiffs' Third Cause of Action.

The Court grants Plaintiffs leave to amend their Third Cause of Action. However, to the extent Plaintiffs seek to allege Defendants' suppression of evidence caused a conviction or sentence, Plaintiffs' claims are likely barred by *Heck*. Often, claims under *Brady* "necessarily imply the invalidity of [a] conviction" because a successful *Brady* claim requires "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985); *see also Kyles v. Whitley*, 514 U.S. 419, 420 (1995) (explaining the *Brady* inquiry "turns on the cumulative effect of all suppressed evidence favorable to the defense" which is precisely the kind of claims *Heck* forbids). So, Plaintiffs may amend their suppression of evidence claim to the extent they can do so in good faith in light of the potential *Heck* bar.

### 6.    Deprivation of Procedural Due Process Claim (Cause of Action 1)

Plaintiffs' First Cause of Action alleges "deprivation of procedural due process" for "fabricating, distorting, suppressing, and selectively presenting evidence; by relying on impression-based and unreliable witness statements; by advancing unsupported conclusions as fact; and by failing to disclose material exculpatory and impeachment evidence." (Dkt. No. 1 at 44.) Plaintiffs' First Cause of Action therefore relies on allegations Defendants deliberately fabricated evidence, which mirror Plaintiffs' Second Cause of Action, and suppressed evidence, mirror Plaintiffs' Third Cause of Action. The Court therefore dismisses Plaintiffs' First Cause of Action for reasons the Court dismisses Plaintiffs' Second and Third Causes of Action. However, the Court grants Plaintiffs leave to amend their First Cause of Action to the extent Plaintiffs have allegations supporting a distinct claim that is not barred by *Heck*.

11

### 7.     Section 1983 Unreasonable Search and Seizure (Cause of Action 4)

Plaintiffs' Fourth Cause of Action under 42 U.S.C. § 1983 alleges "Defendants executed a warrantless or unreasonable search through disproportionate, militarized, and punitive execution of a residential search warrant lacking necessity, exigency, or proportionality." (Dkt. No. 1 at 45.) Plaintiffs further allege "RCPD executed a residential search warrant . . . despite the absence of flight risk, ranger to others, or risk of evidence destruction"; deployed "fourteen to sixteen armed officers" in a "disproportionate" "show of force"; "served no legitimate investigative purpose and instead functioned to intimidate and punish the Morales family"; and "selectively seized innocuous items . . . while ignoring substantial evidence of lawful school and athletic activities." (*Id.* at 19-20.)

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable." *Florida v. Jimeno*, 500 U.S. 248, 250 (1991) (citation omitted).

Searches pursuant to a warrant issued by a neutral magistrate are presumed to be reasonable, and the warrant is presumed to be valid. *See United States v. Leon*, 468 U.S. 897, 913-14 (1984); *see also Franks v. Delaware*, 438 U.S. 154, 171 (1975) ("There is, of course, a presumption of validity with respect to . . . the search warrant."). However, a plaintiff can state a Fourth Amendment violation for a search based on a warrant if the plaintiff plausibly alleges "the warrants were invalid under the Fourth Amendment." *See United States v. Artis*, 919 F.3d 1123, 1128 (9th Cir. 2019). To be valid, a search warrant (1) "must be issued by a neutral and detached magistrate," (2) "be supported by probable cause to believe that the evidence sought will aid in a particular apprehension or conviction for a particular offense," and (3) "describe the things to be seized and the place to be searched with particularity." *Id.* at 1129 (quotation marks and citation omitted).

In addition, a search pursuant to a valid search warrant is unreasonable under the Fourth Amendment when it exceeds the scope of the area that the warrant authorized to be searched. *See*

*Horton v. California*, 496 U.S. 128, 140 (1990) ("If the scope of the search exceeds that permitted by the terms of a validly issued warrant or the character of the relevant exception from the warrant requirement, the subsequent seizure is unconstitutional without more."); *United States v. Becker*, 929 F.2d 442, 446 (9th Cir. 1991) ("A warranted search is unreasonable if it exceeds in scope or intensity the terms of the warrant."). Whether a particular search exceeded the scope of a warrant is determined based on an "objective assessment" of (1) "the circumstances surrounding the issuance of the warrant" including "the purpose disclosed in the application for a warrant's issuance"; (2) the contents of the search warrant itself; and (3) "the circumstances of the search." *United States v. Hurd*, 499 F.3d 963, 966 (9th Cir. 2007) (quotations omitted).

Because Plaintiffs allege RCPD searched their home pursuant to a warrant, to state a claim Defendants performed an unreasonable search or seizure in violation of the Fourth Amendment Plaintiffs must allege facts supporting a plausible inference either the warrant was invalid or the search exceeded the scope of the warrant. However, Plaintiffs do not allege any facts which support a reasonable inference the warrant was not issued by a neutral magistrate, supported by probable cause, or lacked particularity, so they have not plausibly alleged the warrant was invalid. *See Artis*, 919 F.3d at 1129. Similarly, Plaintiffs do not allege any facts regarding the purpose disclosed in the application for a warrant, the contents of the warrant, or the circumstances of the search from which the Court can draw a reasonable inference the search exceeded the scope of the warrant. *See Hurd*, 499 F.3d at 966.

So, the Court dismisses Plaintiffs' Fourth Cause of Action because Plaintiffs do not allege facts supporting an unreasonable search or seizure claim.

### 8.     *Monell* (Cause of Action 5)

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). To state a *Monell* claim, a plaintiff must first show her constitutional rights were violated by an individual defendant who was a local government employee. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person

13

has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.")  For the reasons explained above, Plaintiffs have not alleged any individual officer violated their constitutional rights, so they cannot allege a *Monell* claim.

Furthermore, a plaintiff must also "establish that the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [he] suffered."  *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (cleaned up).  "[G]enerally, a single instance of unlawful conduct is insufficient to state a claim for municipal liability," but it may be sufficient "where fault and causation were clearly traceable to a municipality's legislative body or some other authorized decisionmaker."  *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021) (cleaned up).  Plaintiffs allege only "Defendants maintained policies, practices, customs, and failures to train or supervised that . . . result[ed] in constitutional violations."  (Dkt. No. 1 at 45.)  However, to state a *Monell* claim, Plaintiffs must identify a particular Defendant's policy, custom, or practice and explain how it led to the constitutional violations.

The Court therefore dismisses Plaintiffs' Fifth Cause of Action for *Monell* violations.

### B.    Violation of Juvenile Due Process Rights (Cause of Action 6)

Plaintiffs' Sixth Cause of Action asserts a "Violation of Juvenile Due Process Rights" because "Defendants failed to afford Plaintiff the heightened procedural protections required in juvenile matters, including confidentiality, neutral investigation, proportionality, rehabilitative focus, and fair restitution procedures, resulting in unlawful deprivation of liberty and property." (Dkt. No. 1 at 46.)

However, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quotation marks and citation omitted).  Instead, "[a] plaintiff may only bring a cause of action to enforce a federal law if the law provides a private right of action." *Nisqually Indian Tribe v. Gregoire*, 623 F.3d 923, 929 (9th Cir. 2010) (citation omitted).  And a plaintiff "has no cause of action directly under the United States Constitution."

14

*Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992).  Instead, "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983."  *Id.* (citations omitted).

So, the Court dismisses Plaintiffs' Sixth Cause of Action because Plaintiffs do not have a Cause of Action directly under the Due Process Clause of the Constitution.  Instead, Plaintiffs must utilize 42 U.S.C. § 1983.

### C.    Declaratory and Injunctive Relief (Cause of Action 10)

Plaintiffs' Tenth Cause of Action seeks "declaratory relief that Defendants' actions violated constitutional and statutory rights, and injunctive relief prohibiting continued reliance on false investigative materials and requiring correction of records."  (Dkt. No. 1 at 47.)  However, both declaratory and injunctive relief are forms of remedies, not causes of action.  *See Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1049 (N.D. Cal. 2009) ("Injunctive relief is a remedy which must rely upon underlying claims."); *Roger Kalaouaz & Assocs. s.a.r.l v. Broadus*, No. CV 12-3632 DMG (CWX), 2012 WL 12886213, at *9 (C.D. Cal. Oct. 30, 2012) ("Declaratory relief is a remedy, not a cause of action." (citing *Rodriguez v. Hayes*, 591 F.3d 1105, 1120 (9th Cir. 2010)).  So, the Court dismisses Plaintiffs' Tenth Cause of Action.  Plaintiffs should instead seek declaratory and injunctive relief as part of their prayer for relief.

### D.    State Law Claims (Causes of Action 7, 8, 9, and 11)

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331," which is known as "federal-question jurisdiction," and "cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a)," which is known as diversity jurisdiction. *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437-38 (2019).  In addition, courts with subject matter jurisdiction may exercise supplemental jurisdiction over related state law claims. *See* 28 U.S.C. § 1367(a).

Defendants removed this case based on federal question jurisdiction and asked the Court to

15

exercise supplemental jurisdiction over the related state law claims. (Dkt. No. 1 at 3.)[2] Because the Court has now dismissed Plaintiffs' federal law claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims at this time. *See* 28 U.S.C. § 1367(c); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997) (explaining supplemental jurisdiction should be declined if federal claims are dismissed before trial).

However, the Court gives Plaintiffs leave to amend their federal law claims. If Plaintiffs amend their complaint to plausibly allege a federal law claim, the Court may exercise supplemental jurisdiction over related state law claims. If Plaintiffs do not plausibly allege a federal law claim, the Court will remand Plaintiffs' state law claims to proceed in state court. *See Yazdanpanah v. Sacramento Valley Mortg. Grp.*, No. C 09-02024 SBA, 2010 WL 890952, at *1 (N.D. Cal. Mar. 10, 2010) ("When the federal claim that served as the basis for removal is eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action and exercise its discretion to remand them to state court.").

**CONCLUSION**

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss. However, the Court grants Plaintiffs leave to amend their complaint except as to Plaintiffs' Tenth Cause of Action for declaratory and injunctive relief. Specifically, Plaintiffs may amend their First, Second, and Third Causes of Action to the extent Plaintiffs can plausibly allege claims which do not necessarily imply the invalidity of a conviction or sentence which has not been invalidated. Plaintiffs may amend their Fourth Cause of Action to allege facts the search warrant was invalid or the search exceeded the scope of the warrant, and their Fifth Cause of Action to allege a particular government policy, practice, or custom caused their constitutional violations. Plaintiffs may bring their Sixth Cause of Action as a claim pursuant to 42 U.S.C. § 1983. And to

---

[2] Because Plaintiffs and Defendants are California citizens, the Court also does not have diversity jurisdiction. So, in the absence of a viable federal claim, the Court will lack subject matter jurisdiction.

United States District Court
Northern District of California

the extent Plaintiffs can plausibly allege a federal claim, Plaintiffs can amend their state law claims.

Plaintiffs' deadline to file an amended complaint is **August 28, 2026**. Plaintiffs' amended complaint should make clear which Plaintiffs assert each cause of action against which Defendants. If Plaintiffs do not file an amended complaint by that date, the court will remand Plaintiffs' state law claims to San Mateo County Superior Court.

Finally, as Plaintiffs are proceeding without counsel, the Court directs their attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiffs may also contact the Legal Help Center via telephone: (415)-782-8982, or email: fedpro@sfbar.org for free assistance regarding their claims.

This Order disposes of Docket Nos. 4, 6, and 13.

**IT IS SO ORDERED.**

Dated: July 24, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California